■ FEDERAL NATIONAL MORTGAGE ASSOCIATION, Respondent, v NADIA YOUKELSONE, Appellant, et al., Defendants. [755 NYS2d 730] —In an action to foreclose a mortgage, the defendant Nadia Youkelsone appeals from an order of the Supreme Court, Kings County (Barasch, J.), dated January 22, 2002, which denied her motion, inter alia, pursuant to CPLR 3211 (a) (3) to dismiss the complaint insofar as asserted against her.

Ordered that the order is affirmed, with costs.

The defendant Nadia Youkelsone (hereinafter the defendant) executed a note and mortgage to secure a loan of $155,700 to GFI Mortgage Bankers, Inc. (hereinafter GFI), its successors and assigns. The note and mortgage provided that they could be transferred by the lender as of right, without permission of the borrower. GFI assigned the note and mortgage to Fleet Mortgage Corporation (hereinafter Fleet Mortgage), which then merged with Washington Mutual Home Loans, Inc. (hereinafter Washington Mutual). Upon the defendant's alleged default, Washington Mutual assigned the note and mortgage, for consideration, to the plaintiff, the Federal National Mortgage Association, which commenced this foreclosure action.

The Supreme Court properly considered the assignment of mortgage proffered in opposition to the defendant's motion to dismiss as evidence in support of the plaintiff's claim (see CPLR 3211 [a]; *Leon v Martinez,* 84 NY2d 83, 88 [1994]; *Rovello v Orofino Realty Co.,* 40 NY2d 633, 635 [1976]). Where the plaintiff is the assignee of the mortgage and the underlying note at the time the foreclosure action was commenced, the

plaintiff has standing to maintain the action (*see First Trust Natl. Assn. v Meisels,* 234 AD2d 414 [1996]; *Slutsky v Blooming Grove Inn,* 147 AD2d 208 [1989]). Proof of the merger of Fleet Mortgage and Washington Mutual, or an intermediate assignment to reflect the merger, is not necessary to validate the assignment to the plaintiff (*see* Banking Law § 602; *Barclay's Bank of N.Y. v Smitty's Ranch,* 122 AD2d 323, 324 [1986]; *Bank of Long Is. v Young,* 101 App Div 88 [1905]).

The defendant claims that the fact that the plaintiff gave only token consideration for the assignment indicates that the assignment was fraudulent. However, where, as here, the assignment is in writing and signed by the agent of the assignor, the amount of consideration does not affect the validity of the assignment (*see* General Obligations Law § 5-1107; *Whalen v Gerzof,* 206 AD2d 688 [1994]).

The defendant's remaining contentions are without merit. Santucci, J.P., Smith, Luciano and Cozier, JJ., concur.