# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

                         )
**NADIA YOUKELSONE,**           )
                         )
          **Plaintiff,**         )
                         )
          **v.**               )      **Civil Action No. 09-1278 (RMC)**
                         )
**FEDERAL DEPOSIT INSURANCE**   )
**CORPORATION,**           )
                         )
          **Defendant.**        )
_____ )

## MEMORANDUM OPINION

Nadia Youkelsone, proceeding _pro se_, sued the Federal Deposit Insurance Corporation, as receiver for Washington Mutual Bank, a failed financial institution, after it disallowed her claim pursuant to the Financial Institutions Reform, Recovery, and Enforcement Act, 12 U.S.C. § 1821(d)(3)-(13). Ms. Youkelsone alleges that Washington Mutual engaged in wrongful conduct in connection with efforts to foreclose upon a two-story family dwelling that she owned in Brooklyn, New York. She alleges as separate causes of action (1) abuse of process, (2) breach of contract, (3) unjust enrichment, (4) bad faith, (5) violation of New York Real Property and Proceedings Law § 1921(4), N.Y. Real Prop. Acts. Law § 1921(4), (6) violation of the Truth in Lending Act, 15 U.S.C. § 1601, _et seq._, (7) deceptive practices, (8) misrepresentation, fraud and deceit, and (9) intentional infliction of emotional distress. _See_ Am. Compl. [Dkt. # 6]. Pursuant to Federal Rule of Civil Procedure 12(b)(6), FDIC moves to dismiss the Amended Complaint for failure to state a claim upon which relief can be granted. _See_ Dkt. # 7. Ms. Youkelsone opposes. For the reasons stated herein, the Court finds that Ms. Youkelsone lacks standing. Therefore, the

Court will dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction.

## I. FACTS

In June 2001, Washington Mutual Bank "owned and/or serviced" the mortgage on Ms. Youkelsone's real property in Brooklyn, New York. Am. Compl. ¶ 10. On August 25, 2001, Washington Mutual "allegedly" assigned the note and mortgage to Federal National Mortgage Association ("Fannie Mae") "with the sole purpose to commence a foreclosure action against the plaintiff." *Id.* ¶¶ 12 & 13. However, on Ms. Youkelsone's "information and belief," Fannie Mae "never owned and never serviced the note and mortgage." *Id.* ¶ 14. Rather, on Ms. Youkelsone's "information and belief," notwithstanding the assignment, Washington Mutual "was and remained the sole owner and servicer of the note and mortgage at all times . . . ." *Id.* ¶ 15. In September 2001, "Federal National Mortgage Association commenced a foreclosure action" on the assigned mortgage. *Id.* ¶ 16. Ms. Youkelsone seeks to hold the FDIC, as receiver for Washington Mutual Bank, liable for various actions taken by Fannie Mae in connection with the foreclosure on the mortgage. *See id.* ¶¶ 19-66.

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Because subject matter jurisdiction is an Article III as well as a statutory requirement, "no action of the parties can confer subject-matter jurisdiction upon a federal court." *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003) (quotation marks and citation omitted). On a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure

12(b)(1), the plaintiff bears the burden of establishing that the court has subject matter jurisdiction. *Rasul v. Bush*, 215 F. Supp. 2d 55, 61 (D.D.C. 2002) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936)); *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). "It is axiomatic that subject matter jurisdiction may not be waived, and that courts may raise the issue *sua sponte*." *Athens Cmty. Hosp., Inc. v. Schweiker*, 686 F.2d 989, 992 (D.C. Cir. 1982).

Because subject matter jurisdiction focuses on the court's power to hear the claim, however, the court must give the plaintiff's factual allegations closer scrutiny when resolving a Rule 12(b)(1) motion than would be required for a Rule 12(b)(6) motion for failure to state a claim. *Macharia v. United States*, 334 F.3d 61, 64, 69 (D.C. Cir. 2003). Moreover, the court is not limited to the allegations contained in the complaint. *Hohri v. United States*, 782 F.2d 227, 241 (D.C. Cir. 1986), *vacated on other grounds*, 482 U.S. 64 (1987). Instead, to determine whether it has jurisdiction over the claim, the court may consider materials outside the pleadings. *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992).

### III. ANALYSIS

"Without standing, there is no subject matter jurisdiction." *Prosser v. Fed. Agric. Mortgage Corp.*, 593 F. Supp. 2d 150, 155 (D.D.C. 2009); *see also Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987) ("the defect of standing is a defect in subject matter jurisdiction"). "The irreducible constitutional minimum of standing contains three requirements." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102 (1998) (quotation marks and citation omitted). "First and foremost, there must be alleged (and ultimately proved) an injury in fact — a harm suffered by the plaintiff that is concrete and actual or imminent, not conjectural or hypothetical." *Id.* at 103 (quotation marks and citations omitted). "Second, there must be causation — a fairly traceable

connection between the plaintiff's injury and the complained-of conduct of the defendant." *Id.* "And third, there must be redressability — a likelihood that the requested relief will redress the alleged injury." *Id.* "This triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence." *Id.* at 103-04; *see also Am. Library Ass'n v. FCC*, 401 F.3d 489, 493 (D.C. Cir. 2005) (same).

"The Supreme Court has emphasized that 'Art. III still requires that a federal court act only to redress injury that fairly can be traced to the challenged action of the defendant, and not injury that results from the independent action of some third party not before the court.'" *Fulani v. Brady*, 935 F.2d 1324, 1329 (D.C. Cir. 1991) (quoting *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 41-42 (1976)). "The Court also has made clear that an injury will not be 'fairly traceable' to the defendant's challenged conduct nor 'redressable' where the injury depends not only on that conduct, but on independent intervening or additional causal factors." *Id.* at 1329. "[T]o establish redressability at the pleading stage" requires "more than a bald allegation; . . .the facts alleged [must] be sufficient to demonstrate a substantial likelihood that the third party directly injuring the plaintiff would cease doing so as a result of the relief the plaintiff sought." *Renal Physicians Ass'n v. HHS*, 489 F.3d 1267, 1275 (D.C. Cir. 2007).

Each of the alleged wrongs that Ms. Youkelsone attributes to Washington Mutual occurred after August 25, 2001, when the bank assigned the mortgage and note to Fannie Mae. *See* Am. Compl. ¶¶ 19-66. Ms. Youkelsone challenged that assignment but the New York courts have held it to be valid. *See Fed. Nat'l Mortgage Ass'n v. Youkelsone*, 755 N.Y.S.2d 730, 731 (N.Y. App. Div. 2003). Because Fannie Mae was "the assignee of the mortgage and the underlying note at the

time the foreclosure action was commenced," the New York courts held that it had "standing to maintain the action."[1] *Id.* That being the case, Ms. Youkelsone's alleged injuries arising out of the foreclosure are not traceable to Washington Mutual but to the independent intervening acts of Fannie Mae. Additionally, because Ms. Youkelsone's alleged injuries depend not only on Washington Mutual's assignment to Fannie Mae but also "on independent intervening or additional causal factors," *Fulani*, 935 F.2d at 1329, they are not redressable by way of this lawsuit against the FDIC. Ms. Youkelsone's allegation on "information and belief" that, notwithstanding the assignment, Washington Mutual "was and remained the sole owner and servicer of the note and mortgage at all times," Am. Compl. ¶ 15, is nothing "more than a bald allegation[,]" *Renal Physicians*, 489 F.3d at 1275, belied by the findings of the New York courts upholding the assignment to Fannie Mae.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss Plaintiff's Amended Complaint [Dkt. # 7] will be granted. A memorializing Order accompanies this Memorandum Opinion.

Date: January 25, 2010

/s/
ROSEMARY M. COLLYER
United States District Judge

---

[1] The Court has taken judicial notice of the facts and legal conclusions found by the New York State Supreme Court, Appellate Division.