# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

Argued September 14, 2011       Decided November 8, 2011

No. 10-5197

NADIA YOUKELSONE,
APPELLANT

v.

FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER OF
WASHINGTON MUTUAL BANK,
APPELLEE

Appeal from the United States District Court
for the District of Columbia
(No. 1:09-cv-01278)

*Nadia Youkelsone*, pro se, argued the cause and filed the briefs for appellant.

*Joseph Brooks*, Counsel, argued the cause for appellee. On the briefs were *Colleen J. Boles*, Assistant General Counsel, *Lawrence H. Richmond*, Senior Counsel, and *Jaclyn C. Taner*, Counsel. *R. Craig Lawrence*, Assistant U.S. Attorney, entered an appearance.

Before: TATEL and BROWN, *Circuit Judges*, and WILLIAMS, *Senior Circuit Judge*.

Opinion for the Court filed PER CURIAM.

PER CURIAM: Plaintiff Nadia Youkelsone carried a mortgage on her New York house. In 2001, Washington Mutual Bank ("WaMu") acquired the note and mortgage and then assigned it to Federal National Mortgage Association ("Fannie Mae"). Thereafter, Youkelsone's home went into foreclosure, WaMu failed, and the Federal Deposit Insurance Corporation ("FDIC") became its receiver.

In 2009, Youkelsone brought this action against the FDIC, which, for purposes of this litigation, stands in WaMu's shoes. Youkelsone alleges that WaMu "owned and/or serviced the mortgage," Am. Compl. ¶ 10, and that it engaged in wrongful conduct in the foreclosure's aftermath— for instance by delaying in providing closing documents, *id.* ¶ 99, and making misrepresentations to the Bankruptcy Court, *id.* ¶ 110.

The FDIC moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. But never reaching that issue, the district court sua sponte dismissed the complaint under Rule 12(b)(1) on the ground that Youkelsone lacked standing. Youkelsone appeals.

The FDIC now argues that we lack jurisdiction to hear this appeal because Youkelsone's notice of appeal was untimely. The district court entered its final order on March 10, 2010, leaving Youkelsone until May 10 to file a notice of appeal. *See* Fed. R. App. P. 4(a)(1)(B) ("When the United States or its . . . agency is a party, the notice of appeal may be filed by any party within 60 days after the judgment or order appealed from is entered."). Three days before that deadline, on May 7, Youkelsone requested an extension of time and attached a proposed notice of appeal to her motion. The district court extended the deadline until June 10, and Youkelsone filed her notice of appeal on that date.

Unfortunately for Youkelsone, the district court's order ran afoul of Rule 4(a)(5)(C), which limits any extensions to thirty days, meaning that the last permissible day would have been June 9—the day *before* Youkelsone filed her notice. The FDIC, however, never challenged the notice's timeliness in the district court, nor did it raise the issue in its appellate brief. But because timing can affect this court's subject matter jurisdiction, we raised the issue on our own initiative and ordered supplemental briefing.

Youkelsone argues that Rule 4(a)(5)(C) is not jurisdictional because it lacks a statutory basis. Alternatively, she argues that her May 7 proposed notice, filed well before Rule 4(a)(5)(C)'s thirty-day deadline, served as a "functional equivalent" of a notice of appeal. *See Smith v. Barry*, 502 U.S. 244, 248–49 (1992) ("If a document filed within the time specified by Rule 4 gives the notice required by Rule 3, it is effective as a notice of appeal."). We need not reach the latter argument because we agree with Youkelsone that the Rule 4(a)(5)(C) time limit is a claim-processing rule, not a jurisdictional bar, and that the FDIC forfeited its timeliness objection.

"Only Congress may determine a lower federal court's subject-matter jurisdiction." *Kontrick v. Ryan*, 540 U.S. 443, 452 (2004). Accordingly, only timing rules that have a statutory basis are jurisdictional. *See United States v. Byfield*, 522 F.3d 400, 403 n.2 (D.C. Cir. 2008) (per curiam) (holding that Rule 4(b) "is not jurisdictional because it was judicially created and has no statutory analogue"). As noted above, Rule 4(a)(5)(C) limits extensions of Rule 4(a)(1) time periods to thirty days. Although the authority to extend the time available to file an appeal is codified at 28 U.S.C. § 2107, Rule 4(a)(5)(C)'s thirty-day limit on the length of any extension ultimately granted appears nowhere in the U.S.

Code. Rule 4(a)(5)(C)'s thirty-day limit is thus a claim-processing rule. *Cf. Wilburn v. Robinson*, 480 F.3d 1140, 1145 n.9, 1146 n.11 (D.C. Cir. 2007) (distinguishing Rule 4(a)(6) and Rule 4(a)(1)(A), which both implement a statute, from 4(a)(1)(A)(vi), which "has not been made jurisdictional by statute" and is thus a claim-processing rule). Objections based on claim-processing rules " 'can . . . be forfeited,' " *id.* at 1146 (quoting *Kontrick*, 540 U.S. at 456), and the FDIC concedes, as it must, that it has forfeited any argument that Youkelsone's late filing was improper given that it "did not challenge the timeliness of the notice of appeal." FDIC's Supp. Br. 3. Timeliness thus poses no bar to our considering Youkelsone's appeal.

In the alternative, the FDIC urges us to affirm the district court's dismissal on the grounds of standing. According to the district court, Youkelsone failed to allege causation and redressability, as her "alleged injuries depend not only on Washington Mutual's alleged involvement . . . but also on the independent intervening actions of Fannie Mae." *Youkelsone v. FDIC*, No. 09-1278, slip op. at 3 (D.D.C. Mar. 10, 2010). We disagree. Youkelsone alleges actions by WaMu that themselves caused her injury, and those actions—for which she seeks damages—injured her regardless of the possible involvement of other parties in the foreclosure. "[A]n award of damages would obviously redress [her] injuries." *Ord v. District of Columbia*, 587 F.3d 1136, 1144 (D.C. Cir. 2009). Youkelsone thus has standing to bring this suit.

The FDIC argues that if we find that Youkelsone has standing, we should nonetheless affirm the district court because Youkelsone failed to state a claim under Rule 12(b)(6). But because the district court never addressed the complaint's sufficiency, we think it best to leave it to that court to address the issue in the first instance.

The decision of the district court is reversed and the case remanded for further proceedings consistent with this opinion.

*So ordered.*