SENTELLE, Chief Judge,
dissenting:
Although the majority’s opinion accurately identifies the authorities relevant to the determination of whether we have jurisdiction to consider this appeal, I disagree regarding its conclusion, and, therefore, must respectfully dissent.
The existence of jurisdiction is the “first and fundamental question that we are bound to ask and answer.” Wilson v. Libby, 535 F.3d 697, 703 (D.C.Cir.2008) (internal quotation marks omitted). “The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception.” Id. (internal quotation marks omitted). We are not at liberty to consider the merits of a case without first establishing that we have jurisdiction to do so.
The majority explains the procedural history of this case before the district court. Maj. Op. at 787-88. Briefly: The district court denied Obaydullah’s habeas petition on November 30, 2010. Under Federal Rule of Civil Procedure 59(e), Obaydullah had 28 days to file a motion for reconsideration. Federal Rule of Civil Procedure 6(b) provides that the district court may not extend a party’s time to act under Rule 59(e). But Obaydullah’s counsel moved for, and the district court granted, a two-day extension to file Obaydullah’s motion for reconsideration. In accordance with the mistaken extension, Obaydullah filed his Rule 59(e) motion on December 30, 2010 — 30 days after the district court entered the judgment. The district court denied the motion for reconsideration on March 24, 2011, and Obaydullah filed his notice of appeal on May 17, 2011.
In order for a United States court of appeals to have jurisdiction over a case in which the government is a party, a party *798 must file its notice of appeal from a district court judgment within 60 days after the entry of the judgment. 28 U.S.C. § 2107(a)-(b). Federal Rule of Appellate Procedure (FRAP) 4(a)(4)(A) provides, however, that “[i]f a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion.” One of those motions is a motion to alter or amend the judgment under Rule 59. Fed. R.App. P. 4(a)(4)(A)(iv).
Thus, had Obaydullah “timely fil[ed]” his Rule 59(e) motion for reconsideration, the motion would have tolled the time for him to file his notice of appeal regarding the underlying district court decision and we would have jurisdiction over his appeal of that decision. Obaydullah, however, did not timely file his Rule 59(e) motion, raising the question whether an untimely Rule 59(e) motion allowed to proceed by the district court and unchallenged by the government tolls the running of the 60-day time limit to file a notice of appeal. Based on the explicit terms of the jurisdictional statute and the rules themselves, it does not. My colleagues find support in case law for departing from the terms of the statute and the federal rules of civil and appellate procedure in order to exercise jurisdiction. The case law they cite leads me to the opposite conclusion.
In Bowles v. Russell, 551 U.S. 205, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007), the Supreme Court considered whether a court of appeals had jurisdiction to consider an appeal of a decision after the district court purported to extend a party’s time to file its appeal beyond the statutory 14-day period set out in 28 U.S.C. § 2107(c). 551 U.S. at 206-07, 127 S.Ct. 2360. The district court had denied the habeas petition of Keith Bowles, a convicted murder. Under FRAP 4(a)(1)(A) and 28 U.S.C. § 2107(a), Bowles had 30 days to file a notice of appeal. He failed to do so, but later moved to reopen the period during which he could file his notice of appeal pursuant to FRAP 4(a)(6). Bowles, 551 U.S. at 207, 127 S.Ct. 2360. That rule allows the district court to reopen the time to file a notice of appeal for 14 days under specified conditions. See 28 U.S.C. § 2107(c) (codifying the 14-day time period). The district court granted the motion, but gave Bowles 17 days to file his notice of appeal instead of the 14 days allowed by the statute and rule. Relying on Browder v. Director, Department of Corrections, 434 U.S. 257, 264, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978), the Sixth Circuit held that it did not have jurisdiction to consider Bowles’ appeal because the Supreme Court consistently had held that the timely filing of a notice of appeal is “mandatory and jurisdictional.” Bowles v. Russell, 432 F.3d 668, 673 (6th Cir.2005), aff'd, 551 U.S. 205, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007).
Emphasizing that “the taking of an appeal within the prescribed time is ‘mandatory and jurisdictional,’ ” the Supreme Court affirmed the Sixth Circuit’s holding that it did not have jurisdiction to consider Bowles’ appeal. Bowles, 551 U.S. at 209-10, 127 S.Ct. 2360 (citation omitted). The Court explained that it long has treated statutory time limits for taking an appeal as jurisdictional requirements. Id. at 210, 127 S.Ct. 2360. The amount of time by which a district court could reopen Bowles’ time for taking an appeal was codified at 28 U.S.C. § 2107(c), and, thus, the Supreme Court held it to be a jurisdictional requirement.
Like the 14-day period in Bowles, the 60-day time limit to file a notice of appeal at issue in this case is set out in the Federal Rules of Appellate Procedure, Fed. R.App. P. 4(a)(1)(B), and codified in *799 statute, 28 U.S.C. § 2107(b). There is no question that the 60-day period is jurisdictional. There is no question that the 60-day period was not met. We do not have jurisdiction, and the petition should be dismissed.
As I understand the majority opinion, my colleagues believe that we must decide whether FRAP 4(a)(4)(A)(iv), which provides that a timely motion under Rule 59(e) tolls the running of the time to file a notice of appeal, is a claim-processing rule or a jurisdictional requirement. The majority reasons that if the requirement can be deemed a claim-processing rule, the parties may waive or forfeit the timeliness defect in filing the Rule 59(e) motion so that an untimely Rule 59(e) motion may toll the time to file a notice of appeal. While I doubt the propriety of raising this question at all, I believe the majority’s answer to it is incorrect. The proper analysis of the question is governed by Bowles.
To reach its decision in Bowles, the Supreme Court addressed two of its previous cases that involved essentially the same question before this Court today — that is, whether a Rule 59(e) motion erroneously entertained by the district court despite its untimeliness tolls the statutory time limit for filing a notice of appeal.
The Court first clarified that Browder v. Director, Dep’t of Corrections, 434 U.S. 257, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978), is good law. In Browder, the Court explained that the time limit set for filing a notice of appeal in 28 U.S.C. § 2107 is “ ‘mandatory and jurisdictional.’ ” Browder, 434 U.S. at 264, 98 S.Ct. 556 (quoting United States v. Robinson, 361 U.S. 220, 229, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960)). The Court continued:
The running of time for filing a notice of appeal may be tolled, according to the terms of Rule 4(a), by a timely motion filed in the district court pursuant to ... Rule 59. Respondent’s motion for a stay and an evidentiary hearing was filed 28 days after the District Court’s order directing that petitioner be discharged. It was untimely under the Civil Rules ... and therefore could not have tolled the running of time to appeal under [FRAP] 4(a). The Court of Appeals therefore lacked jurisdiction to review the order of October 21.
Id. at 264-65, 98 S.Ct. 556. In 2005, the Court questioned the use of the term “jurisdictional” in Browder, Robinson, and other cases. Eberhart v. United States, 546 U.S. 12, 17-18, 126 S.Ct. 403, 163 L.Ed.2d 14 (2005). But in Bowles, in 2007, the Court cited Browders treatment of time limits with approval. 551 U.S. at 209-10 & n. 2, 127 S.Ct. 2360. The Court explained that its recent negative treatment of Robinson and other cases, such as Browder, that relied on Robinson for the proposition that the time limit set for a notice of appeal is jurisdictional, was “dicta” and that “[g]iven the choice between calling into question some dicta in our recent opinions and effectively overruling a century’s worth of practice, we think the former option is the only prudent course.” Bowles, 551 U.S. at 210 n. 2, 127 S.Ct. 2360 (internal punctuation omitted). Obaydullah’s case fits precisely within the holding of Browder.
In Bowles, the Supreme Court also explicitly overruled the so-called “unique circumstances” holding it had announced in Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc., 371 U.S. 215, 83 S.Ct. 283, 9 L.Ed.2d 261 (1962) (per curiam) and applied only once thereafter in Thompson v. INS, 375 U.S. 384, 84 S.Ct. 397, 11 L.Ed.2d 404 (1964). Bowles, 551 U.S. at 214, 127 S.Ct. 2360 (“[W]e overrule Harris Truck-Lines and Thompson to the extent they purport to authorize an exception to a jurisdictional rule.”).
In Thompson, the district court denied a party’s petition for naturalization. 375 *800 U.S. at 384-85, 84 S.Ct. 397. Twelve days later, the petitioner filed a motion for a new trial pursuant to Rule 59, id. at 385, 84 S.Ct. 397, which, at that time, required such motions to be filed within 10 days of the entry of the final judgment. The Government did not object to the timeliness of that motion, however, and the district court declared that the motion was “made ‘in ample time.’ ” Id. at 385, 84 S.Ct. 397. The district court denied the Rule 59 motion. Within 60 days of the denial of the Rule 59 motion, but not within 60 days of the original entry of judgment by the district court, the petitioner filed a notice of appeal. Thompson, 375 U.S. at 385, 84 S.Ct. 397. At that time, the 60-day time limit was prescribed by Federal Rule of Civil Procedure 73, which also provided that the time for appeal “commences to run and is to be computed from the entry of any of the following orders made upon a timely motion under such rules” including “granting or denying a motion under Rule 59 to alter or amend the judgment.” See id. The Seventh Circuit Court of Appeals dismissed the appeal because it determined that petitioner’s untimely post-trial motions did not toll the running of the time for appeal. Id.
The Supreme Court held that because the petitioner “did an act which, if properly done, postponed the deadline for the filing of his appeal” and “the District Court concluded that the act had been properly done,” the case presented “unique circumstances” that would allow the Court of Appeals to exercise jurisdiction; the Court vacated and remanded the case to the Court of Appeals to hear the case on the merits. Id. at 387, 84 S.Ct. 397. This is precisely the rationale that the Supreme Court overruled in Bowles, 551 U.S. at 214, 127 S.Ct. 2360, and precisely the rationale the majority appears to apply in this case. Obaydullah did an act — filing a Rule 59(e) motion — which, if properly done, postponed the deadline for filing his appeal, and the District Court gave permission for the act to be done improperly. If Thompson stood, Obaydullah would perhaps have presented “unique circumstances” that would trump the statutory jurisdictional requirement. But because the Supreme Court expressly held in Bowles that such “unique circumstances” cannot outweigh jurisdictional requirements, I am compelled to reach the conclusion that we do not have jurisdiction over this matter.
' If the Supreme Court’s decision in Bowles did not exist, the majority might be correct that this Court’s decisions in Wilburn v. Robinson, 480 F.3d 1140 (D.C.Cir.2007), and Youkelsone v. FDIC, 660 F.3d 473 (D.C.Cir.2011), should control our reasoning here. Wilburn, however, was decided before Bowles, and Youkelsone fails to even mention Bowles. Both address different rules than the ones at issue in this case. Further, this Court also has decided In re Sealed Case (Bowles), 624 F.3d 482 (D.C.Cir.2009), which, relying on the Supreme Court’s (unrelated) Bowles, held that a claim-processing rule cannot be used to circumvent the jurisdictional time limit of 21 U.S.C. § 2107(a). In re Sealed Case (Bowles), 624 F.3d at 486.
We need not delve deeply into the circuit precedent, however, because the Supreme Court’s binding decisions should control the outcome here: Bowles overruled Thompson and put Browder back on solid ground, and Bowles and Browder, which directly addresses the question raised here, should govern this case. They dictate that this Court does not have jurisdiction over Obaydullah’s appeal.
I respectfully dissent.