**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-7041**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

LAWRENCE LEO HAWKINS, JR.,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Raymond A. Jackson, District Judge. (2:04-cr-00060-RAJ-TEM-1; 2:07-cv-00287-RAJ)

Submitted: October 21, 2008      Decided: October 28, 2008

Before MICHAEL, TRAXLER, and DUNCAN, Circuit Judges.

Remanded by unpublished per curiam opinion.

Lawrence Leo Hawkins, Jr., Appellant Pro Se. William David Muhr, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lawrence Leo Hawkins, Jr., seeks to appeal the district court's order denying his 28 U.S.C. § 2255 (2000) motion. Parties in a civil action in which the United States is a party have sixty days following a final order in which to file a notice of appeal. Fed. R. App. P. 4(a)(1)(B). However, the district court may extend the appeal period if a party moves for an extension within thirty days of the expiration of the period under Rule 4(a) and if the party has shown excusable neglect or good cause warranting an extension. Fed. R. App. P. 4(a)(5)(A). "No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 10 days after the date when the order granting the motion is entered, whichever is later." Fed. R. App. P. 4(a)(5)(C). These time periods are mandatory and jurisdictional. Browder v. Dir., Dep't of Corr., 434 U.S. 257, 264 (1978). Expiration of the time limits in Rule 4 deprives the court of jurisdiction over the case. Hensley v. Chesapeake & O. Ry. Co., 651 F.2d 226, 228 (4th Cir. 1981); see Fed. R. App. P. 26(b) (stating that court may not extend appeal period, except as provided in Rule 4).

The district court entered judgment on March 3, 2008. Hawkins filed the notice of appeal on May 23, 2008, after the sixty-day period expired but within the thirty-day excusable neglect period. Because the notice of appeal was filed within

2

the excusable neglect period, we remand the case to the district court for the court to determine whether Hawkins has shown excusable neglect or good cause warranting an extension of the sixty-day appeal period.  The record, as supplemented, will then be returned to this court for further consideration.

REMANDED