**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 13, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

CALVIN DEAN PETERS,

      Plaintiff-Appellant,

v.

JOE WILLIAMS;
VINCENT WIGGINS,

      Defendants-Appellees.

No. 08-2302
(D.C. No. 1:08-CV-00268-MCA-WDS)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **BALDOCK**, and **TYMKOVICH**, Circuit Judges.

---

Plaintiff-appellant Calvin Dean Peters filed a claim under 42 U.S.C. § 1983

alleging that, since 2000, the reduction in the variety of legal materials and

library facilities in New Mexico's prisons has effectively denied him his right to

access the courts as guaranteed by the First Amendment. Holding that plaintiff

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

did not allege active interference with his preparation and filing of papers, the district court dismissed the complaint under the authority of 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. We affirm.

We first pause to examine our jurisdiction given that plaintiff's notice of appeal was untimely. *See United States v. Gonzales*, 531 F.3d 1198, 1200 (10th Cir. 2008) ("We have an independent duty to examine our appellate jurisdiction.") Under Fed. R. App. P. 4(a)(1)(A), the thirty-day deadline for filing a timely appeal in this case expired on October 30, 2008. The deadline for filing a timely Rule 4(a)(5) motion for extension of time expired on Monday, December 1, 2008. *See* Fed. R. App. P. 26(a)(3); *see also* Fed. R. App. P. 4(a)(5)(C) ("No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 10 days after the date when the order granting the motion is entered, whichever is later.").

Plaintiff filed a timely Rule 4(a)(5) motion in the district court on November 5, 2008. On November 12, 2008, the district court granted the motion, mistakenly giving plaintiff "the additional thirty (30) days provided by Fed. R. App. P.4(a)(5)(C) to file a notice of appeal." R. at 57. Pursuant to Rule 4(a)(5)(C), the district court only had authority to grant an extension until Monday, December 1, 2008, but had inadvertently granted an extension to Monday, December 15, 2008.

Plaintiff's notice of appeal was received by this court on December 16, 2008, but the postmark on the "legal mail" envelope from the prison is December 11, 2008. Thus, plaintiff's notice was filed within the time allowed by the district court's order granting him an extension of time to file. *See Price v. Philpot*, 420 F.3d 1158, 1165 (10th Cir. 2005) (holding that "an inmate who places a federal civil rights complaint in the prison's internal mail system will be treated as having 'filed' that complaint on the date it is given to prison authorities for mailing to the court").

Despite all of this confusion, the fact remains that plaintiff's notice of appeal was untimely. The filing of a timely notice of appeal in a civil case is jurisdictional. *Bowles v. Russell*, 551 U.S. 205, 214 (2007). Plaintiff argues that his lateness should be excused because he filed his notice in reliance on the order from the district court. That rationalization was rejected in *Bowles*, and we reject it here. *See id.* at 213-14 (refusing to carve out an equitable exception to the jurisdictional requirement that a litigant file a timely notice of appeal, even where the litigant has relied to his detriment on an order from a district court mistakenly giving him too much time to file his notice).

The fact that the district court's error will not excuse the late notice of appeal, however, will not doom plaintiff's cause. Because plaintiff filed a timely Rule 4(a)(5) motion, we will construe that motion as the functional equivalent of a timely notice of appeal that became effective when the district court entered the

November 12, 2008 order granting the motion.  *See Smith v. Barry*, 502 U.S. 244, 248-49 (1992) (noting that "[i]f a document filed within the time specified by Rule 4 gives the notice required by Rule 3, it is effective as a notice of appeal").

Turning to the merits, we agree with the district court that plaintiff has failed to state a claim for relief.  In order to state a claim, plaintiff must allege "relevant actual injury" resulting from defendants' active interference with his attempts to prepare and file legal documents.  *See Lewis v. Casey*, 518 U.S. 343, 350-51 (1996).  Plaintiff has not alleged such active interference.  To the contrary, we note that plaintiff's complaint lists several cases which, while perhaps not resulting in the outcomes plaintiff desired, clearly establish that plaintiff has been able to prepare and file his legal claims.  The law requires no more.

The judgment of the district court is AFFIRMED.

Entered for the Court

Bobby R. Baldock
Circuit Judge