15-1911-cv
*Freidzon v. OAO Lukoil*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of March, two thousand sixteen.

PRESENT:   RALPH K. WINTER,
           DENNY CHIN,
           SUSAN L. CARNEY,
                     *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

MAX FREIDZON,
                     *Plaintiff-Appellant,*


                  v.                                    15-1911-cv


OAO LUKOIL, LUKOIL NORTH AMERICA, LLC,
OAO GAZPROM, JSC GAZPROM NEFT,
GASPROMNEFT-AERO,
                     *Defendants-Appellees.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:        Igor Meystelman, IM Law Group, P.C.,
                                Cedarhurst, New York.

FOR DEFENDANT-APPELLEE,          Robert H. Pees, Akin Gump Strauss Hauer &
LUKOIL NORTH AMERICA:            Feld LLP, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Torres, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED**.

Plaintiff-appellant Max Freidzon appeals the judgment of the district court entered on March 19, 2015, in favor of defendants-appellees OAO LUKOIL, LUKOIL North America, LLC, OAO Gazprom, JSC Gazprom Neft, and Gaspromneft-Aero (collectively, "defendants") dismissing his complaint. Eighty-five days later, on June 12, 2015, Freidzon filed his notice of appeal. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

In a civil case in which the United States is not a party, Federal Rule of Appellate Procedure 4(a)(1) and 28 U.S.C. § 2107 require an appellant to file a notice of appeal within 30 days of the entry of the judgment or order being appealed. This requirement is "mandatory and jurisdictional." *Bowles v. Russell*, 551 U.S. 205, 209 (2007) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 61 (1982) (*per curiam*)). District courts have authority to extend the time for filing a notice of appeal, if certain statutory conditions are met. 28 U.S.C. § 2107(c); Fed. R. App. P. 4(a). Under Rule 4(a)(5), a district court may extend the time to file a notice of appeal if (1) "a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires"; and (2)

- 2 -

"that party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A). Under Rule 4(a)(5)(C), "[n]o extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later." Thus, the district court may extend the 30-day appeal period for up to 30 days from the original deadline or until 14 days after the date of entry of the order granting the motion, whichever is later, but may not extend it further. *See Endicott Johnson Corp. v. Liberty Mut. Ins. Co.*, 116 F.3d 53, 56 (2d Cir. 1997).

In this case, Freidzon's notice of appeal was untimely and this Court lacks jurisdiction to hear the appeal. Judgment was entered on March 19, 2015. On April 3, 2015, Freidzon filed a timely motion for an extension of time to file his notice of appeal. *See* Fed. R. App. P. 4(a)(5)(A). On April 8, 2015, the district court granted Freidzon's motion to extend the deadline until May 31, 2015. The district court, however, was not authorized to extend Freidzon's deadline to May 31, 2015. At most, it could have extended the deadline until May 20, 2015 -- 30 days after the original April 20, 2015 deadline. *See* Fed. R. App. P. 4(a)(5)(C). Although Freidzon's notice of appeal was not filed on the docket until June 12, 2015, Freidzon attempted to file his notice of appeal on May 29, 2015. Assuming that he filed his notice of appeal on May 29, 2015, his notice of appeal was still untimely, as he failed to file by May 20, 2015, and the district court's unauthorized extension of time does not relieve Freidzon from Rule 4(a)(5)(c)'s jurisdictional requirements. *See Endicott*, 116 F.3d at 56-57 (finding appeal untimely despite the fact that district court had granted extensions of time to file notice of appeal

- 3 -

beyond the 30-day allowable extension period and both parties had agreed to the extensions). Moreover, as the Supreme Court made clear in *Bowles v. Russell*, the time limits for filing a notice of appeal are jurisdictional and not subject to judicially created equitable exceptions. 551 U.S. at 214 (holding appellant to jurisdictional deadline even though district court granted extension beyond allowable period); *accord Franklin v. McHugh*, 804 F.3d 627, 629-30 (2d Cir. 2015).

Accordingly, Freidzon's notice of appeal was untimely filed, and we must dismiss the appeal for lack of jurisdiction.

For the foregoing reasons, the appeal is hereby **DISMISSED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk