(Slip Opinion) OCTOBER TERM, 2017 1

NOTE: Where it is feasible, a syllabus (headnote) will be released, as is being done in connection with this case, at the time the opinion is issued. The syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader. See *United States* v. *Detroit Timber & Lumber Co.,* 200 U. S. 321, 337.

# SUPREME COURT OF THE UNITED STATES

Syllabus

## HAMER *v.* NEIGHBORHOOD HOUSING SERVICES OF CHICAGO ET AL.

### CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

No. 16–658. Argued October 10, 2017—Decided November 8, 2017

An appeal filing deadline prescribed by statute is considered "jurisdictional," meaning that late filing of the appeal notice necessitates dismissal of the appeal. See *Bowles* v. *Russell*, 551 U. S. 205, 210–213. In contrast, a time limit prescribed only in a court-made rule is not jurisdictional. It is a mandatory claim-processing rule that may be waived or forfeited. *Ibid.* This Court and other forums have sometimes overlooked this critical distinction. See *Reed Elsevier, Inc.* v. *Muchnick*, 559 U. S. 154, 161.

Petitioner Charmaine Hamer filed an employment discrimination suit against respondents. The District Court granted respondents' motion for summary judgment, entering final judgment on September 14, 2015. Before October 14, the date Hamer's notice of appeal was due, her attorneys filed a motion to withdraw as counsel and a motion for an extension of the appeal filing deadline to give Hamer time to secure new counsel. The District Court granted both motions, extending the deadline to December 14, a two-month extension, even though the governing Federal Rule of Appellate Procedure, Rule 4(a)(5)(C), confines such extensions to 30 days. Concluding that Rule 4(a)(5)(C)'s time prescription is jurisdictional, the Court of Appeals dismissed Hamer's appeal.

*Held*: The Court of Appeals erred in treating as jurisdictional Rule 4(a)(5)(C)'s limitation on extensions of time to file a notice of appeal. Pp. 5–10.

    (a) The 1948 version of 28 U. S. C. §2107 allowed extensions of time to file a notice of appeal, not exceeding 30 days, "upon a showing of excusable neglect based on failure of a party to learn of the entry of the judgment," but the statute said nothing about extensions when

the judgment loser did receive notice of the entry of judgment.  In 1991, the statute was amended, broadening the class of prospective appellants who could gain extensions to include all who showed "excusable neglect or good cause" and reducing the time prescription for appellants who lacked notice of the entry of judgment from 30 to 14 days.  §2107(c).  For other cases, the statute does not say how long an extension may run.  Rule 4(a)(5)(C), however, does prescribe a limit: "No extension [of time for filing a notice of appeal] may exceed 30 days after the prescribed time [for filing a notice of appeal] or 14 days after the date [of] the order granting the [extension] motion . . . , whichever is later."  Pp. 5–6.

   (b) This Court's precedent shapes a rule of decision that is both clear and easy to apply: If a time prescription governing the transfer of adjudicatory authority from one Article III court to another appears in a statute, the limitation is jurisdictional; otherwise, the time specification fits within the claim-processing category.

   In concluding otherwise, the Court of Appeals relied on *Bowles.* There, Bowles filed a notice of appeal outside a limitation set by Congress in §2107(c).  This Court held that, as a result, the Court of Appeals lacked jurisdiction over his tardy appeal.  551 U. S., at 213.  In conflating Rule 4(a)(5)(C) with §2107(c) here, the Seventh Circuit failed to grasp the distinction between jurisdictional appeal filing deadlines and deadlines stated only in mandatory claim-processing rules.  It therefore misapplied *Bowles. Bowles'*s statement that "the taking of an appeal within the prescribed time is 'mandatory and jurisdictional,' " *id.,* at 209, is a characterization left over from days when the Court was "less than meticulous" in using the term "jurisdictional," *Kontrick* v. *Ryan*, 540 U. S. 443, 454.  The statement was correct in *Bowles,* where the time prescription was imposed by Congress, but it would be incorrect here, where only Rule 4(a)(5)(C) limits the length of the extension.  Pp. 7–10.

835 F. 3d 761, vacated and remanded.

   GINSBURG, J., delivered the opinion for a unanimous Court.

NOTICE: This opinion is subject to formal revision before publication in the preliminary print of the United States Reports. Readers are requested to notify the Reporter of Decisions, Supreme Court of the United States, Washington, D. C. 20543, of any typographical or other formal errors, in order that corrections may be made before the preliminary print goes to press.

# SUPREME COURT OF THE UNITED STATES

No. 16–658

CHARMAINE HAMER, PETITIONER *v.* NEIGH-
BORHOOD HOUSING SERVICES OF
CHICAGO, ET AL.

ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF
APPEALS FOR THE SEVENTH CIRCUIT

[November 8, 2017]

JUSTICE GINSBURG delivered the opinion of the Court.

This case presents a question of time, specifically, time to file a notice of appeal from a district court's judgment. In *Bowles* v. *Russell*, 551 U. S. 205, 210–213 (2007), this Court clarified that an appeal filing deadline prescribed by statute will be regarded as "jurisdictional," meaning that late filing of the appeal notice necessitates dismissal of the appeal. But a time limit prescribed only in a court-made rule, *Bowles* acknowledged, is not jurisdictional; it is, instead, a mandatory claim-processing rule subject to forfeiture if not properly raised by the appellee. *Ibid.*; *Kontrick* v. *Ryan*, 540 U. S. 443, 456 (2004). Because the Court of Appeals held jurisdictional a time limit specified in a rule, not in a statute, 835 F. 3d 761, 763 (CA7 2016), we vacate that court's judgment dismissing the appeal.

I
A

"Only Congress may determine a lower federal court's subject-matter jurisdiction." *Kontrick*, 540 U. S., at 452 (citing U. S. Const., Art. III, §1); *Owen Equipment &*

*Erection Co.* v. *Kroger*, 437 U. S. 365, 370 (1978) ("[I]t is axiomatic that the Federal Rules of Civil Procedure do not create or withdraw federal jurisdiction."). Accordingly, a provision governing the time to appeal in a civil action qualifies as jurisdictional only if Congress sets the time. See *Bowles*, 551 U. S., at 211–212 (noting "the jurisdictional distinction between court-promulgated rules and limits enacted by Congress"); *Sibbach* v. *Wilson & Co.*, 312 U. S. 1, 10 (1941) (noting "the inability of a court, by rule, to extend or restrict the jurisdiction conferred by a statute"). A time limit not prescribed by Congress ranks as a mandatory claim-processing rule, serving "to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times." *Henderson* v. *Shinseki*, 562 U. S. 428, 435 (2011).

This Court and other forums have sometimes overlooked this distinction, "mischaracteriz[ing] claim-processing rules or elements of a cause of action as jurisdictional limitations, particularly when that characterization was not central to the case, and thus did not require close analysis." *Reed Elsevier, Inc.* v. *Muchnick*, 559 U. S. 154, 161 (2010). But prevailing precedent makes the distinction critical. Failure to comply with a jurisdictional time prescription, we have maintained, deprives a court of adjudicatory authority over the case, necessitating dismissal—a "drastic" result. *Shinseki*, 562 U. S., at 435; *Bowles*, 551 U. S., at 213 ("[W]hen an 'appeal has not been prosecuted . . . within the time limited by the acts of Congress, it must be dismissed for want of jurisdiction.'" (quoting *United States* v. *Curry*, 6 How. 106, 113 (1848))). The jurisdictional defect is not subject to waiver or forfeiture[1] and may be raised at any time in the court of first

--------

[1] The terms waiver and forfeiture—though often used interchangeably by jurists and litigants—are not synonymous. "[F]orfeiture is the failure to make the timely assertion of a right[;] waiver is the 'inten-

instance and on direct appeal. *Kontrick*, 540 U. S., at 455.[2] In contrast to the ordinary operation of our adversarial system, courts are obliged to notice jurisdictional issues and raise them on their own initiative. *Shinseki*, 562 U. S., at 434.

Mandatory claim-processing rules are less stern. If properly invoked, mandatory claim-processing rules must be enforced, but they may be waived or forfeited. *Manrique* v. *United States*, 581 U. S. \_\_\_, \_\_\_ (2017) (slip op., at 4). "[C]laim-processing rules . . . [ensure] relief to a party properly raising them, but do not compel the same result if the party forfeits them." *Eberhart* v. *United States*, 546 U. S. 12, 19 (2005) (*per curiam*).[3]

B

Petitioner Charmaine Hamer filed a complaint against respondents Neighborhood Housing Services of Chicago and Fannie Mae alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U. S. C. §2000e *et seq.*, and the Age Discrimination in Employment Act of 1967, 29 U. S. C. §621 *et seq.* The District Court granted respondents' motion for summary judgment on September 10, 2015, and entered final judgment on September 14, 2015. In the absence of a time extension, Hamer's notice of appeal would have been due by October 14, 2015. Fed. Rule App. Proc. 4(a)(1)(A).

On October 8, 2015, before the October 14 deadline for filing Hamer's notice of appeal, her attorneys made two

---

tional relinquishment or abandonment of a known right.'" *United States* v. *Olano*, 507 U. S. 725, 733 (1993) (quoting *Johnson* v. *Zerbst*, 304 U. S. 458, 464 (1938)).

[2] Subject-matter jurisdiction cannot be attacked collaterally, however. *Kontrick* v. *Ryan*, 540 U. S. 443, 455, n. 9 (2004) (citing *Des Moines Nav. & R. Co.* v. *Iowa Homestead Co.*, 123 U. S. 552, 557–559 (1887)).

[3] We have reserved whether mandatory claim-processing rules may be subject to equitable exceptions. See *Kontrick*, 540 U. S., at 457.

motions.[4]  First, they sought to withdraw as counsel be-
cause of their disagreement with Hamer on pursuit of an
appeal.  Second, they sought a two-month extension of the
notice of appeal filing date, so that Hamer would have
adequate time to engage new counsel for her appeal.  App.
to Pet. for Cert. 57–59.  The District Court granted both
motions on the same day and ordered extension of the
deadline for Hamer's notice of appeal from October 14 to
December 14, 2015.  *Id.,* at 60.  Respondents did not move
for reconsideration or otherwise raise any objection to the
length of the extension.

In the docketing statement respondents filed in the
Court of Appeals, they stated: "The United States Court of
Appeals for the Seventh Circuit has jurisdiction over this
appeal under 28 U. S. C. §1291, in that on December 11,
2015, [Hamer] filed a timely Notice of Appeal from a final
judgment of the United States District Court for the
Northern District of Illinois that disposed of all of
[Hamer's] claims against [respondents]."  *Id.,* at 63.  Re-
spondents' statement later reiterated: "On December 11,
2015, [Hamer] timely filed a Notice of Appeal . . . ."  *Id.,* at
64.  Nevertheless, the Court of Appeals, on its own ini-
tiative, questioned the timeliness of the appeal and in-
structed respondents to brief the issue.  835 F. 3d, at 762.
Respondents did so and, for the first time, asserted that the
appeal was untimely, citing the relevant Rule confining
extensions to 30 days.  *Id.,* at 762–763 (citing Fed. Rule
App. Proc. 4(a)(5)(C)).  Concluding that it lacked jurisdic-
tion to reach the merits, the Court of Appeals dismissed
Hamer's appeal.  835 F. 3d, at 763.[5]  We granted certio-

————————

[4]Movants were the attorney appointed by the court to represent
Hamer and two other attorneys who entered appearances as co-counsel.
App. to Pet. for Cert. 57–59.

[5]The Court of Appeals incorrectly stated that respondents, answering
the Seventh Circuit's inquiry, asserted that the appeals court "lack[ed]
jurisdiction over [Hamer's] appeal."  835 F. 3d, at 763.  In fact, respond-

rari. 580 U. S. \_\_\_ (2017).

## II

### A

　　Section 2107 of Title 28 of the U. S. Code, as enacted in 1948, allowed extensions of the time to file a notice of appeal, not exceeding 30 days, "upon a showing of excusable neglect based on failure of a party to learn of the entry of the judgment." Act of June 25, 1948, §2107, 62 Stat. 963.[6] Nothing in the statute provided for extension of the time to file a notice of appeal when, as in this case, the judgment loser did receive notice of the entry of judgment. In 1991, Congress broadened the class of persons who could gain extensions to include all prospective appellants who showed "excusable neglect or good cause." §12, 105 Stat. 1627. In addition, Congress retained a time prescription covering appellants who lacked notice of the entry of judgment: "[A] party entitled to notice of the entry of a judgment . . . [who] did not receive such notice from the clerk or any party within 21 days of [the judgment's] entry" qualifies for a 14-day extension,[7] if "no party would be prejudiced [thereby]." §2107(c). In full, §2107(c) now provides:

————————

ents maintained that "the timeliness of Hamer's appeal d[id] not appear to be jurisdictional according to [Circuit] law." App. to Pet. for Cert. 71 (capitalization and footnote omitted). That was so, respondents explained, because "the time limits found [in] Fed. R[ule] App. P[roc.] 4(a)(5)(C) . . . lack a statutory basis." *Id.,* at 77. Even if not jurisdictional, respondents continued, the Rule is mandatory and must be observed unless forfeited or waived. *Ibid.*

　　[6] As enacted, the pertinent paragraph of §2107 provided in full: "The district court, in any such action, suit or proceeding, may extend the time for appeal not exceeding thirty days from the expiration of the original time herein prescribed, upon a showing of excusable neglect based on failure of a party to learn of the entry of the judgment, order or decree." Act of June 25, 1948, §2107, 62 Stat. 963.

　　[7] The 14-day prescription cuts back the original limit of 30 days.

"(c) The district court may, upon motion filed not later than 30 days after the expiration of the time otherwise set for bringing appeal, extend the time for appeal upon a showing of excusable neglect or good cause.  In addition, if the district court finds—

   "(1) that a party entitled to notice of the entry of a judgment or order did not receive such notice from the clerk or any party within 21 days of its entry, and

   "(2) that no party would be prejudiced,

"the district court may, upon motion filed within 180 days after entry of the judgment or order or within 14 days after receipt of such notice, whichever is earlier, reopen the time for appeal for a period of 14 days from the date of entry of the order reopening the time for appeal."

In short, current §2107(c), like the provision as initially enacted, specifies the length of an extension for cases in which the appellant lacked notice of the entry of judgment.[8]  For other cases, the statute does not say how long an extension may run.

   But Federal Rule of Appellate Procedure 4(a)(5)(C) does prescribe a limit: "No extension [of time for filing a notice of appeal] may exceed 30 days after the prescribed time [for filing a notice of appeal] or 14 days after the date [of] the order granting the [extension] motion . . . , whichever is later."  Unlike §2107(c), we note, Rule 4(a)(5)(C) limits extensions of time to file a notice of appeal in *all* circumstances, not just in cases in which the prospective appellant lacked notice of the entry of judgment.

--------

[8] The statute describes the 14-day extension permitted in lack-of-notice cases as a "reopening [of] the time for appeal."  §2107(c).  The "reopening" period is the functional equivalent of an extension.  See Brief for American Academy of Appellate Lawyers as *Amicus Curiae* 5–6.

## B

Although Rule 4(a)(5)(C)'s limit on extensions of time appears nowhere in the text of §2107(c), respondents now contend that Rule 4(a)(5)(C) has a "statutory basis" because §2107(c) once limited extensions (to the extent it did authorize them) to 30 days. Brief for Respondents 17. No matter, respondents submit, that Congress struck the 30-day limit in 1991 and replaced it with a 14-day limit governing, as the 30-day limit did, only lack-of-notice cases; deleting the 30-day prescription, respondents conjecture, was "probably inadverten[t]." *Id.,* at 1. In support of their argument that Congress accidentally failed to impose an all-purpose limit on extensions, respondents observe that the 1991 statute identifies Congress' aim as the enactment of "certain technical corrections in . . . provisions of law relating to the courts." 105 Stat. 1623. They also note the caption of the relevant section of the amending statute: "Conformity with Rules of Appellate Procedure." *Id.,* at 1627. Because striking the 30-day limit from §2107 made the statute *less* like Rule 4(a)(5)(C), respondents reason, Congress likely erased the relevant paragraph absentmindedly. Hence, respondents conclude, "there is no reason to interpret the 1991 amendment as stripping Rule 4(a)(5)(C) of its jurisdictional significance." Brief for Respondents 2.

Overlooked by respondents, pre-1991 §2107 never spoke to extensions for reasons other than lack of notice. In any event, we resist speculating whether Congress acted inadvertently. See *Henson* v. *Santander Consumer USA Inc.*, 582 U. S. \_\_\_, \_\_\_–\_\_\_ (2017) (slip op., at 9–10) ("[W]e will not presume with [respondents] that any result consistent with their account of the statute's overarching goal must be the law but will presume more modestly instead 'that [the] legislature says . . . what it means and means . . . what it says.'" (quoting *Dodd* v. *United States*, 545 U. S. 353, 357 (2005))); *Magwood* v. *Patterson*, 561 U. S. 320,

334 (2010) ("We cannot replace the actual text with specu-
lation as to Congress' intent."). The rule of decision our
precedent shapes is both clear and easy to apply: If a time
prescription governing the transfer of adjudicatory author-
ity from one Article III court to another appears in a stat-
ute, the limitation is jurisdictional, *supra,* at 2; otherwise,
the time specification fits within the claim-processing
category, *ibid.*[9]

In dismissing Hamer's appeal for want of jurisdiction,
the Court of Appeals relied heavily on our decision in
*Bowles*. We therefore reiterate what that precedent con-
veys. There, petitioner Keith Bowles did not receive timely
notice of the entry of a postjudgment order and conse-
quently failed to file a timely notice of appeal. *Bowles* v.
*Russell*, 432 F. 3d 668, 670 (CA6 2005). When Bowles
learned of the postjudgment order, he moved for an exten-
sion under Federal Rule of Appellate Procedure 4(a)(6),
which implements §2107(c)'s authorization of extensions
in lack-of-notice cases. *Ibid.* The District Court granted
Bowles's motion, but inexplicably provided a 17-day exten-

---

[9]In cases not involving the timebound transfer of adjudicatory
authority from one Article III court to another, we have additionally
applied a clear-statement rule: "A rule is jurisdictional '[i]f the Legisla-
ture clearly states that a threshold limitation on a statute's scope shall
count as jurisdictional.'" *Gonzalez* v. *Thaler*, 565 U. S. 134, 141 (2012)
(quoting *Arbaugh* v. *Y & H Corp.*, 546 U. S. 500, 515 (2006)). See also,
*e.g., Henderson* v. *Shinseki*, 562 U. S. 428, 431 (2011) (statutory dead-
line for filing notice of appeal with Article I tribunal held not jurisdic-
tional). "This is not to say that Congress must incant magic words in
order to speak clearly," however. *Sebelius* v. *Auburn Regional Medical
Center*, 568 U. S. 145, 153 (2013). In determining whether Congress
intended a particular provision to be jurisdictional, "[w]e consider
'context, including this Court's interpretations of similar provisions in
many years past,' as probative of [Congress' intent]." *Id.,* at 153–154
(quoting *Reed Elsevier, Inc.* v. *Muchnick*, 559 U. S. 154, 168 (2010)).
Even so, "in applying th[e] clear statement rule, we have made plain
that most [statutory] time bars are nonjurisdictional." *United States* v.
*Kwai Fun Wong*, 575 U. S. ___, ___ (2015) (slip op., at 6).

sion, rather than the 14-day extension authorized by §2107(c). *Bowles*, 551 U. S., at 207. Bowles filed his notice of appeal within the 17 days allowed by the District Court but outside the 14 days allowed by §2107(c). *Ibid.* "Because Congress specifically limited the amount of time by which district courts can extend the notice-of-appeal period in §2107(c)," we explained, the Court of Appeals lacked jurisdiction over Bowles's tardy appeal. *Id.,* at 213.

Quoting *Bowles* at length, the Court of Appeals in this case reasoned that "[l]ike Rule 4(a)(6), Rule 4(a)(5)(C) is the vehicle by which §2107(c) is employed and it limits a district court's authority to extend the notice of appeal filing deadline to no more than an additional 30 days." 835 F. 3d, at 763. In conflating Rule 4(a)(5)(C) with §2107(c), the Court of Appeals failed to grasp the distinction our decisions delineate between jurisdictional appeal filing deadlines and mandatory claim-processing rules, and therefore misapplied *Bowles*.

Several Courts of Appeals,[10] including the Court of Appeals in Hamer's case, have tripped over our statement in *Bowles* that "the taking of an appeal within the prescribed time is 'mandatory and jurisdictional.'" 551 U. S., at 209 (quoting *Griggs* v. *Provident Consumer Discount Co.*, 459 U. S. 56, 61 (1982) (*per curiam*)). The "mandatory and jurisdictional" formulation is a characterization left over from days when we were "less than meticulous" in our use of the term "jurisdictional." *Kontrick*, 540 U. S., at 454.[11] The statement was correct as applied in *Bowles*

_____

[10] See *Freidzon* v. *OAO LUKOIL*, 644 Fed. Appx. 52, 53 (CA2 2016); *Peters* v. *Williams*, 353 Fed. Appx. 136, 137 (CA10 2009); *United States* v. *Hawkins*, 298 Fed. Appx. 275 (CA4 2008).

[11] Indeed, the formulation took flight from a case in which we mistakenly suggested that a claim-processing rule was "mandatory and jurisdictional." See *United States* v. *Robinson*, 361 U. S. 220, 224 (1960). We have since clarified that "*Robinson* is correct not because the District Court lacked *subject-matter jurisdiction*, but because

because, as the Court there explained, the time prescription at issue in *Bowles* was imposed by Congress.   551 U. S., at 209–213.   But "mandatory and jurisdictional" is erroneous and confounding terminology where, as here, the relevant time prescription is absent from the U. S. Code.   Because Rule 4(a)(5)(C), not §2107, limits the length of the extension granted here, the time prescription is not jurisdictional.   See *Youkelsone* v. *FDIC*, 660 F. 3d 473, 475 (CADC 2011) ("Rule 4(a)(5)(C)'s thirty-day limit on the length of any extension ultimately granted appears nowhere in the U. S. Code.").

\*   \*   \*

For the reasons stated, the Court of Appeals erroneously treated as jurisdictional Rule 4(a)(5)(C)'s 30-day limitation on extensions of time to file a notice of appeal.   We therefore vacate that court's judgment and remand the case for further proceedings consistent with this opinion.   We note, in this regard, that our decision does not reach issues raised by Hamer, but left unaddressed by the Court of Appeals, including: (1) whether respondents' failure to raise any objection in the District Court to the overlong time extension, by itself, effected a forfeiture, see Brief for Petitioner 21–22; (2) whether respondents could gain review of the District Court's time extension only by filing their own appeal notice, see *id.*, at 23–27; and (3) whether equitable considerations may occasion an exception to Rule 4(a)(5)(C)'s time constraint, see *id.*, at 29–43.

*It is so ordered.*

district courts must observe the clear limits of the Rules of Criminal Procedure when they are properly invoked."   *Eberhart* v. *United States*, 546 U. S. 12, 17 (2005) (*per curiam*).