# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-20231
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**

December 1, 2017

Lyle W. Cayce
Clerk

LINDA PORTER,

      Plaintiff - Appellant

v.

EXXON MOBIL CORPORATION,

      Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CV-1553

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:*

      Linda Porter ("Porter") sued Exxon Mobil Corporation ("Exxon") for employment discrimination and retaliation. The district court granted a final summary judgment in Exxon's favor on March 8, 2016. Proceeding pro se, Porter filed an unsigned notice of appeal of that judgment on April 6, 2016, but the appeal was dismissed on May 26, 2016, for want of prosecution when she

---

      * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-20231

failed to comply with a notice requiring her to file a signed notice of appeal. *Porter v. Exxon Mobil Corp.*, No. 16-20222 (5th Cir. May 26, 2016).

In the meantime, Porter filed an April 8, 2016, motion for reconsideration (preceded by an April 4 motion for extension of time to file such a motion) and later sought leave to file a supplemental motion for reconsideration out of time, which the district court granted. Ultimately, the motions for reconsideration were denied on October 24, 2016. Porter did not file an appeal from that order.

On January 20, 2017, Porter filed a motion for leave to submit a "second motion for reconsideration" as well as subsequent related motions. All such motions were denied on March 17, 2017; the district court also warned her that further frivolous motions would not be tolerated and may lead to a ban on her ability to file further litigation in that district without permission.

On March 31, 2017, Porter filed a document containing a "motion for leave" to file an appeal and stating "if motion for leave is not required for an appeal, then please accept this document as Plaintiff's appeal notice." The appeal notice referenced the March 17, 2017, order in connection with stating that leave was required but did not state which order was being appealed. *Cf. Bailey v. Cain*, 609 F.3d 763, 767 (5th Cir. 2010) (a notice of appeal should reference the judgment or order being appealed).

In the record excerpts and brief before this court, Porter (now represented by counsel) identifies the order being appealed as the March 8, 2016 summary judgment. Any such appeal must be dismissed for want of jurisdiction. *Bowles v. Russell*, 551 U.S. 205, 210 (2007) (filing deadline in civil appeals is jurisdictional); 28 U.S.C. § 2107 (requiring appellate filing within thirty days, with certain exceptions not relevant here); *see also Hamer v. Neighborhood Hous. Servs.*, 199 L. Ed. 2d 249, 256 (U.S. Nov. 8, 2017)(addressing time limits and statutory exceptions). Porter's arguably

2

No. 17-20231

timely notice of April 7, 2016, was dismissed for want of prosecution, and that decision is now final.  Even assuming that her post-judgment motions extended the time for appealing the March 8 judgment, those motions were denied on October 24, 2016, and she failed to appeal that order.  Thus, we DISMISS for want of jurisdiction any appeal directed to the March 8, 2016 judgment and October 24, 2016 order.

At best, then, her only potentially timely appeal is of the March 17, 2017 order denying her second round of motions for reconsideration.  Even assuming arguendo that her March 31, 2017, notice, liberally construed, properly referenced and appealed the March 17, 2017 order, she wholly fails to brief the propriety of that order.  Accordingly, that appeal is dismissed for failure to brief.  *Yohey v.* Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Appeal DISMISSED.