[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-12983

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DWYNE BYRON DERUISE,
a.k.a. Duke,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:07-cr-80041-KAM-1

————————————

Before JORDAN, JILL PRYOR, and BRANCH, Circuit Judges.

PER CURIAM:

Dwyne Deruise, a federal prisoner, filed a renewed motion in the district court seeking a sentence reduction under § 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5222. The court denied the motion because it had previously reduced Deruise's sentence under the First Step Act and § 404(c) barred it from considering Deruise's motion seeking a further reduction. Because the First Step Act's bar on a district court considering a successive motion for a sentence reduction under § 404 is a claim-processing rule, not a jurisdictional bar, and the government has waived any argument based on the bar, we vacate and remand so that the district court may consider whether to exercise its discretion to reduce Deruise's sentence.

I.

In 2007, Deruise pled guilty to one count of possessing with intent to distribute at least 50 grams of a mixture containing crack cocaine and one count of carrying a firearm during and in relation to a drug trafficking crime. At the sentencing hearing, the district court applied the career offender enhancement because Deruise had two prior felony convictions under Florida law for battery on a law enforcement officer, which qualified as a crime of violence. *See* U.S.S.G. § 4B1.1(a). Ultimately, the district court imposed a

total sentence of 264 months' imprisonment followed by a term of five years of supervised release.

In 2010, Congress passed the Fair Sentencing Act to address disparities in sentences between offenses involving crack cocaine and those involving powder cocaine. *See* Pub. L. No. 111-220, 124 Stat. 2372 (2010); *see also Kimbrough v. United States*, 552 U.S. 85, 97–100 (2007) (providing background on disparity). The Fair Sentencing Act increased the quantity of crack cocaine necessary to trigger the highest statutory penalties from 50 grams to 280 grams and the quantity of crack cocaine necessary to trigger intermediate statutory penalties from 5 grams to 28 grams. *See* Fair Sentencing Act § 2; 21 U.S.C § 841(b)(1)(A)(iii), (B)(iii). But the Fair Sentencing Act's reduced penalties applied only to defendants who were sentenced on or after the Fair Sentencing Act's effective date. *Dorsey v. United States*, 567 U.S. 260, 264 (2012).

Congress subsequently passed the First Step Act. Section 404 of the First Step Act gives district courts the discretion "to apply retroactively the reduced statutory penalties for crack-cocaine offenses in the Fair Sentencing Act of 2010 to movants sentenced before those penalties became effective." *United States v. Jones*, 962 F.3d 1290, 1293 (11th Cir. 2020). The First Step Act sets forth certain limits on when a district court may reduce a sentence. In particular, § 404(c) states that "[n]o court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the . . . Fair Sentencing Act . . . or if a previous motion made under this

section to reduce the sentence was . . . denied after a complete review of the motion on the merits." First Step Act § 404(c).

After the First Step Act went into effect, Deruise filed a motion in the district court seeking a sentence reduction. He asked the district court to exercise its discretion to reduce his sentence. He urged the district court to consider an intervening change in the law: that his Florida convictions for battery on a law enforcement officer would no longer qualify as crimes of violence for purposes of the career offender enhancement. He asked the district court to reduce his sentence to a total of 170 months' imprisonment.

Although the government agreed that Deruise was eligible for a sentence reduction, it argued that the court should deny the motion. The government took the position that the district court could not consider any intervening changes in the law, including whether Deruise would no longer qualify as a career offender, when deciding whether to exercise its discretion to award a reduction.

The district court granted Deruise's motion in part and reduced his sentence to a total of 228 months' imprisonment. The district court refused to consider whether Deruise would be a career offender under the current law because it believed it was not permitted to consider such intervening changes in the law.

Deruise appealed and argued that the district court erred in refusing to consider intervening changes in law about his career offender status. We affirmed, explaining that "the district court did

not err in concluding that it lacked the authority . . . under the First Step Act to consider Deruise's career-offender status under current law." *See United States v. Deruise*, 816 F. App'x 427, 429 (11th Cir. 2020) (unpublished).

Deruise filed a petition for certiorari with the Supreme Court, which the Court denied. A few months later, the Supreme Court granted certiorari in *Concepcion v. United States*, and ultimately held that district courts may consider intervening changes in law when deciding whether to exercise their discretion under the First Step Act. 142 S. Ct. 2389, 2396 (2022).

After *Concepcion*, Deruise filed a renewed motion in the district court seeking a further sentence reduction under the First Step Act. He argued that the Supreme Court's decision in *Concepcion* made clear that the district court's ruling that it could not consider whether Deruise would qualify as a career offender under current law was mistaken. He asked the district court to consider that he "would no longer be a career offender under current law" and to reduce his sentence to a total of time served (or 217 months), which would be "at the high end of his non-career-offender range," and to reduce his term of supervised release from five years to four years. Doc. 185 at 1, 11.[1]

After a hearing, the district court denied Deruise's motion. The district court concluded that § 404(c) of the First Step Act

---

[1] "Doc." numbers refer to the district court's docket entries.

barred it from considering the motion because the court had previously reduced Deruise's sentence under the First Step Act.

This is Deruise's appeal. According to Deruise, the district court erred in concluding that § 404(c) of the First Step Act precluded it from reviewing Deruise's renewed motion. He argues that § 404(c) "does not bar a renewed motion where the district court erroneously exercised its discretion in the first [§] 404 proceeding." Appellant's Br. at 13.

In its response brief, the government agreed that the case should be remanded to the district court. According to the government, "§ 404(c)'s barrier is a claims-processing rule which the government may waive." Appellee's Br. at 8. And the government stated that it "waive[d] § 404(c)'s bar on consideration of successive motions." *Id.* Given this waiver, the government took the position that this Court "need not resolve Deruise's arguments about [the] proper interpretation" of § 404(c). *Id.* at 8 n.1.

## II.

"We have an obligation to examine our jurisdiction sua sponte." *United States v. Harris*, 989 F.3d 908, 910 (11th Cir. 2021). This obligation requires us to consider whether the bar on a district court considering a successive motion for a § 404 sentence reduction when a party received an earlier reduction is "jurisdictional or a defense that the government can forfeit" or waive. *Id.*

The Supreme Court has "stressed the distinction between jurisdictional prescriptions and nonjurisdictional claim-processing

rules." *Fort Bend Cnty. v. Davis*, 139 S. Ct. 1843, 1849 (2019). "A jurisdictional prescription sets the bounds of the court's adjudicatory authority." *Santos-Zacaria v. Garland*, No. 21-1436, __ S. Ct. __, 2023 WL 3356525, at *4 (U.S. May 11, 2023) (internal quotation marks omitted). "[T]he word 'jurisdictional' is generally reserved for prescriptions delineating the classes of cases a court may entertain (subject-matter jurisdiction) and the persons over whom the court may exercise adjudicatory authority (personal jurisdiction)." *Fort Bend Cnty.*, 139 S. Ct. at 1848; *see Patchak v. Zinke*, 138 S. Ct. 897, 906 (2018) (holding that a statutory provision was jurisdictional because it "addresse[d] a court's competence to adjudicate a particular category of cases" (internal quotation marks omitted)). Traditionally, "jurisdiction" refers to a court's power to proceed at all a case, not its power to award a particular remedy: "when [jurisdiction] ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868).

In contrast, claim-processing rules "seek to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times." *Fort Bend Cnty.*, 139 S. Ct. at 1849 (internal quotation marks omitted). A claim-processing rule "may be mandatory in the sense that a court must enforce the rule if a party properly raises it." *Id.* (alteration adopted) (internal quotation marks omitted). But a claim-processing rule "may be waived or forfeited." *Hamer v. Neighborhood Housing Servs. of Chicago*, 138 S. Ct. 13, 17 (2017).

We treat "a procedural requirement [as] jurisdictional only if Congress clearly states that it is." *Boechler, P.C. v. Comm'r of Internal Revenue*, 142 S. Ct. 1493, 1497 (2022) (internal quotation marks omitted). "Congress need not incant magic words, but the traditional tools of statutory construction must plainly show that Congress imbued a procedural law with jurisdictional consequences." *Id.* (internal quotation marks and citation omitted). This clear-statement principle "leave[s] the ball in Congress' court" and "ensur[es] that courts impose harsh jurisdictional consequences only when Congress unmistakably has so instructed." *Santos-Zacaria*, 2023 WL 3356525, at *4 (internal quotation marks omitted).

With these principles in mind, we turn to whether § 404(c)'s bar on a district court's consideration of a successive motion for a sentence reduction after the court previously reduced a defendant's sentence under § 404 is a jurisdictional bar or a mandatory claim-processing rule. As a refresher, § 404(c) states that "[n]o court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the . . . Fair Sentencing Act." First Step Act § 404(c). Although this provision uses mandatory language that prohibits a court from awarding a defendant a second sentence reduction under § 404, "it does not expressly refer to subject-matter jurisdiction or speak in jurisdictional terms." *Musacchio v. United States*, 577 U.S. 237, 246 (2016).

The statutory text also indicates that § 404(c) is not a prescription that delineates the classes of cases a court may entertain

or the persons over whom the court may exercise adjudicatory authority. *See Fort Bend Cnty.*, 139 S. Ct. at 1848. Instead, § 404(c) "cuts off only one remedy" available in a defendant's criminal case: the ability to seek a second sentence reduction under § 404(b). *United States v. Hart*, 983 F.3d 638, 641 (3d Cir. 2020). But this "bar does not destroy the court's power to hear a case." *Id.* at 642. Importantly, even when § 404(c)'s bar applies, the criminal case does not end; a district court may hear other motions in the case and grant other types of relief to a defendant. For example, the defendant may seek and the court may order that the defendant's sentence be reduced based on compassionate release or that his term of supervised release end early. *See* 18 U.S.C. §§ 3582(c); 3583(e). The fact that § 404(c) bars a district court from awarding only one type of remedy in a criminal case indicates that it is not jurisdictional. *See Fort Bend Cnty.*, 139 S. Ct. at 1848.

Because we see no clear statement from Congress indicating that § 404(c)'s bar on successive motions is jurisdictional, we hold that it sets forth a mandatory claim-processing rule.[2] And in this case, the government has agreed to "waive[]" § 404(c)'s claim-processing rule. Appellee's Br. at 8. Given the government's position, we vacate and remand so that the district court may decide whether to exercise its discretion to reduce Deruise's sentence.

---

[2] In answering this question, we reach the same conclusion as the only one of our sister circuits to have addressed this question. *See Hart*, 983 F.3d at 640 (holding that § 404(c)'s bar "is not jurisdictional").

**VACATED AND REMANDED.**