22-1494, 22-1495

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of The United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of February, two thousand twenty-four.

PRESENT:
> JON O. NEWMAN,
> EUNICE C. LEE,
> BETH ROBINSON,
> > *Circuit Judges*.

_____

**In re: Maura E. Lynch,**
> **Debtor.**
**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

Maura E. Lynch,

> *Debtor-Appellant*,

v.

Deutsche Bank National Trust Company,                    No. 22-1494

> *Appellee*,

Christine H Black, U.S. Trustee,

*Trustee.*

_____

In re: Maura E. Lynch,
    Debtor.
*********************************

Maura E. Lynch,

*Debtor-Appellant*,

v.

Golenbock Eiseman Assor Bell & Peskoe LLP,                No. 22-1495

*Appellee*,

Christine H Black, U.S. Trustee,

*Trustee.*

_____

| | |
|---|---|
| **FOR DEBTOR-APPELLANT:** | MAURA E. LYNCH, *pro se*, Sag Harbor, NY. |
| **FOR APPELLEE DEUTSCHE BANK NATIONAL TRUST COMPANY (In 22-1494):** | Edward Rugino, Roach & Lin, P.C., Syosset, NY. |
| **FOR APPELLEE GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP (In 22-1495):** | Jonathan L. Flaxer, Michael S. Weinstein, Golenbock Eiseman Assor Bell & Peskoe LLP New York, NY. |

Appeal from orders of the United States District Court for the Eastern District of New York (Gary R. Brown, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeals are **DISMISSED** as moot.[1]

Debtor-Appellant Maura E. Lynch appeals from the district court's dismissal of two of her appeals from the United States Bankruptcy Court for the Eastern District of New York.

At the outset, we clarify the scope of our appellate review. On October 7, 2019, Lynch appealed three relevant orders from the bankruptcy court to the district court: an order dismissing the Chapter 11 case ("Dismissal Order"); an order denying Lynch's motion to reconsider the stay relief order with respect to Deutsche Bank's interest in a Miami, Florida, property ("Deutsche Bank Order"); and an order allowing Lynch's counsel Golenbock Eiseman Assor Bell & Peskoe to withdraw ("Golenbock Order"). Each appeal was docketed separately in the district court.

---

[1] Although these cases are not formally consolidated, they arise from the same bankruptcy proceeding and present identical issues via nearly identical briefs. We therefore elect to consolidate them for disposition.

Under docket 19-cv-5681, the district court entered judgment on March 25, 2021 dismissing Lynch's appeal of the Dismissal Order as improperly filed because she failed to name an opposing party. Lynch then appealed to this Court. In a non-precedential summary order, we vacated and remanded to the district court to dismiss on an alternative ground: lack of subject matter jurisdiction because the appeals were untimely filed under Bankruptcy Rule 8002(a), which we held has jurisdictional effect. On remand, the district court dismissed the case in accordance with the Second Circuit's mandate, and Lynch again appealed to our Court. We dismissed that appeal following Lynch's failure to timely file a brief. Once the mandate issued following our dismissal of that appeal, the district court's dismissal of Lynch's appeal of the bankruptcy court's Dismissal Order became final.

While the district court and our Court considered the Dismissal Order, Lynch's appeals of the Deutsche Bank Order and Golenbock Order proceeded on a different track in the district court. After about two years of litigation, the district court—on its own accord—ordered Lynch to show cause why her appeals should not be dismissed as untimely because they were filed after the 14-day time limit of Fed. R. Bankr. P. 8002(a)(1) had expired. The district court then

4

dismissed the appeals, reasoning that Rule 8002(a)(1) was jurisdictional and Lynch's untimely appeals to the district court deprived the court of jurisdiction. Lynch moved for reconsideration, which the district court denied.

On appeal to this Court now, Lynch's notices of appeal state, in identical terms, that she appeals from the "[o]rder of the District Court judge Gary Brown denying Motion for Reconsideration of Dismissal of bankruptcy appeal, and Order Dismissing Bankruptcy Appeal." U.S.C.A. Dkt. No. 22-1494 at 1; U.S.C.A. Dkt. No. 22-1495 at 1. The notices of appeal listed the docket numbers of her appeals to the district court of the Deutsche Bank Order (19-cv-05673) and the Golenbock Order (19-cv-05685), respectively. Accordingly, Lynch now appeals the district court's orders dismissing her appeals of those interlocutory orders—the Deutsche Bank Order and the Golenbock Order—and denying reconsideration of those dismissals. This appeal does *not* arise from the district court's dismissal of her appeal of the bankruptcy court's Dismissal Order. We already dismissed that appeal, which Lynch initiated by a separate notice of appeal—and the bankruptcy court's Dismissal Order is now final.

Turning to the orders at issue, we note that Article III of the U.S. Constitution "generally requires a federal court to satisfy itself of its jurisdiction

5

over the subject matter before it considers the merits of a case." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).[2] One of those threshold inquiries concerns mootness: the requirement that federal courts do not decide cases "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013).[3] If a case becomes moot while on appeal, it must be dismissed. *See Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992).

Here, Lynch appeals from two orders of the district court dismissing two appeals from the bankruptcy court. But these appeals are moot because, "[w]hen a bankruptcy case has been dismissed, and that dismissal is not itself on appeal, an appeal of an interlocutory order of the bankruptcy court in that case is moot." *Moss v. 245 E. 25th Realty Corp.*, No. 02 CIV. 7555 (SHS), 2003 WL 256780, at *2 (S.D.N.Y. Feb. 5, 2003); *see also In re Maidman*, 668 F.2d 682, 684 (2d Cir. 1982) ("[T]hough the bankruptcy case has been dismissed, that dismissal is itself on appeal to the district court. So long as that appeal is alive, this one is not moot.").

---

[2] In quotations from caselaw and the parties' briefing, this order omits all internal quotation marks, alterations, footnotes, and citations, unless otherwise noted.

[3] None of the parties originally briefed mootness, but given our independent obligation to assure a case is not moot, after oral argument, we requested briefing on the question.

Without an underlying bankruptcy case, there is no relief we can grant as to representation by counsel (the Golenbock Order) or relief from the automatic stay (the Deutsche Bank Order). Because these appeals are moot, we express no view as to the merits of Debtor's argument that Rule 8002(a)(1) cannot be considered jurisdictional after the Supreme Court's decision in *Hamer v. Neighborhood Housing Services of Chicago*, 583 U.S. 17 (2017). Accordingly, we **DISMISS** Debtor's appeals.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court