**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 24-1779**

_____

DAVID MILLER; SABRINA MILLER,

        Plaintiffs - Appellants,

     v.

TYSONS WATCH AND JEWELRY EXCHANGE; ROSE BOUCHARD; JERRY BOUCHARD; JESUS' CHEVUS, et al,

        Defendants - Appellees.

_____

**No. 25-1825**

_____

DAVID MILLER; SABRINA MILLER,

        Plaintiffs - Appellants,

     v.

TYSONS WATCH AND JEWELRY EXCHANGE; ROSE BOUCHARD; JERRY BOUCHARD; JESUS' CHEVUS, et al,

        Defendants - Appellees.

_____

Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria.  Leonie M. Brinkema, District Judge.  (1:24-cv-00637-LMB-WBP)

_____

Submitted:  February 27, 2026                    Decided:  April 3, 2026

Before NIEMEYER and HEYTENS, Circuit Judges, and KEENAN, Senior Circuit Judge.

No. 24-1779 dismissed and No. 25-1825 affirmed by unpublished per curiam opinion.

David Miller, Sabrina Miller, Appellants Pro Se.  Aaron Drew Neal, MCNAMEE HOSEA, Greenbelt, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In Appeal No. 24-1779, Plaintiffs David and Sabrina Miller (the Millers) seek to appeal the district court's order granting Defendants' motion to dismiss the Millers' civil action, which Defendants removed from the Circuit Court of Fairfax County, Virginia, to federal court. In Appeal No. 25-1825, the Millers challenge the district court's denial of their request for a one-day extension to the appeal period relevant to the court's order denying the Millers' second motion for reconsideration of the court's dismissal order. We consolidated these appeals and, for the reasons discussed below, we dismiss Appeal No. 24-1779 and affirm the district court's order in Appeal No. 25-1825.

First, we dismiss Appeal No. 24-1779 because the notice of appeal was not timely filed. In civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[A] time limit prescribed only in a court-made rule," as is the situation here, is "a mandatory claim-processing rule." *Hamer v. Neighborhood Housing Servs. of Chicago*, 583 U.S. 17, 19 (2017).

The district court entered the subject order denying reconsideration on July 11, 2024. Under the relevant counting rules, the Millers' appeal was due on Monday, August 12, 2024. However, the district court did not receive the Millers' notice of appeal until August 13, 2024—after expiration of the 30-day appeal period, but within the period for seeking an extension of the time to appeal. We thus ordered a limited remand for the district court to determine whether the Millers demonstrated excusable neglect or good

3

cause warranting an extension of the appeal period.  On remand, the district court concluded that the Millers had not.  On return, we grant Defendants' motion and dismiss Appeal No. 24-1779 as untimely.

As to Appeal No. 25-1825, we discern no abuse of discretion in the district court's rationale for denying the requested one-day extension of the appeal period.  *See Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 532 (4th Cir. 1996) (stating standard of review).  In response, the Millers assert that their notice of appeal should have been considered as timely filed because they sent it via FedEx within the appeal period, citing Fed. R. Civ. P. 5(b)(2)(C).  However, the Millers' reliance on this provision is misplaced, as it pertains to service of a pleading or other paper on a party.  To the extent that the Millers are attempting to avail themselves of Fed. R. App. P. 4(c)—which permits a notice of appeal to be treated as filed with the court when it is tendered for mailing in the prison context—that provision is also inapplicable because the Millers are not incarcerated. Accordingly, we affirm the district court's ruling as relevant to the filing extension.  *See Miller v. Tysons Watch & Jewelry Exch.*, No. 1:24-cv-00637-LMB-WBP (E.D. Va. June 17, 2025).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED* (No. 24-1779);
*AFFIRMED* (No. 25-1825)

4