# United States Court of Appeals
# for the Federal Circuit

_____

**LOUISE KLEES-WALLACE,**
*Petitioner*

**v.**

**FEDERAL COMMUNICATIONS COMMISSION,**
*Respondent*

_____

2015-3067

_____

Petition for review of an arbitrator's decision in No. FMCS 13-58977-A by Mary P. Bass.

_____

Decided: March 10, 2016

_____

ALLISON GILES, National Treasury Employees Union, Washington, DC, argued for petitioner. Also represented by GREGORY O'DUDEN, LARRY JOSEPH ADKINS.

ALLISON KIDD-MILLER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent. Also represented by ALEXIS J. ECHOLS, BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., FRANKLIN E. WHITE, JR.

_____

Before DYK, BRYSON, and WALLACH, *Circuit Judges.*

WALLACH, *Circuit Judge.*

Petitioner Louise Klees-Wallace appeals the arbitration Opinion and Interim Award of Mary Bass ("Arbitrator"), who determined Ms. Klees-Wallace was deprived of certain procedural rights during her removal from employment and remanded the matter for a new determination free of procedural error. *See FCC v. Nat'l Treasury Emps. Union*, No. FMCS 13-58977-A (Nov. 10, 2014) (Bass, Arb.) (J.A. 6–17). For the reasons set forth below, we dismiss the appeal of that interim decision for lack of jurisdiction.

BACKGROUND

Ms. Klees-Wallace was employed as an Attorney-Advisor in the International Bureau of the Federal Communications Commission ("FCC"). In May 2011, the FCC proposed removing Ms. Klees-Wallace from employment due to her absence without leave ("AWOL") and failure to follow instructions. In June 2012, the parties entered into a last chance agreement ("LCA"), which allowed Ms. Klees-Wallace to return to work with the FCC pursuant to certain conditions. *See* J.A. 18–22 (LCA).

Among the conditions of the LCA were procedures by which Ms. Klees-Wallace was required to request leave. In the relevant parts, paragraph 2 of the LCA instructed Ms. Klees-Wallace:

(b) to request leave at least one day in advance of her planned usage of such leave, except in emergencies as determined by her supervisor, in accordance with paragraph nos. 2(e) and 2(f) herein;

(c) to provide her supervisor upon request with medical certification substantiating, in accordance with 5 C.F.R. § 630.401, the need for sick leave or any leave in lieu of sick leave, for any future absences related to her medical condition. The medical documentation must be received by her supervisor within five days after her return to du-

ty. Failure to provide medical documentation may result in the absence being designated as AWOL;

(d) that she must meet all eligibility and documentation requirements found in Articles 27, 28, 29, and 30 of the Basic Negotiated Agreement [("BNA")] between the FCC and National Treasury Employees Union [("NTEU")] (or the appropriate articles in a successor BNA), in order to use any types of leave specified in those articles that have not been individually addressed in this Agreement. Failure to meet the stated eligibility and/or documentation requirements outlined in those BNA articles may result in the absence being designated as AWOL;

J.A. 18. The LCA further dictated that if Ms. Klees-Wallace was "AWOL for one hour or more on any occasion" during the eighteen-month term of the LCA, she would "be considered automatically in violation of the terms of [the LCA]." J.A. 19 ¶ h. It also provided that if Ms. Klees-Wallace's "removal is effectuated for her breach of [the LCA], she will receive [notice] but will not receive a new proposal to remove, nor will she be given an opportunity to respond to the removal letter, or appeal the removal." J.A. 19–20 ¶ k.

On December 5, 2012, Ms. Klees-Wallace's supervisor tentatively approved her "leave request for 1.5 hours of sick leave for a doctor's appointment for her daughter on December 6, [2012]." J.A. 9. Ms. Klees-Wallace's supervisor "advised [her] in writing on December 5, 2012 that she was required to bring in documentation of the doctor's visit by December 7, 2012," J.A. 9, but she failed to provide it on her return, J.A. 11. On December 28, 2012, Ms. Klees-Wallace's tentative sick leave was re-designated as AWOL. J.A. 11. On January 3, 2013, the FCC provided Ms. Klees-Wallace with a removal letter. J.A. 33. The letter stated, in part, that Ms. Klees-Wallace's absence on

December 6, 2012, and subsequent failure to provide documentation, violated paragraph 2(c) of the LCA. J.A. 33.

On May 16, 2013, the NTEU filed a grievance on behalf of Ms. Klees-Wallace, pursuant to the procedures set forth in the NTEU's Collective Bargaining Agreement with the FCC. *See* J.A. 23–26; *see also* J.A. 42–47 (setting forth Article 38 of the BNA between NTEU and FCC, which addresses the negotiated grievance procedure). The grievance was filed at Step 3 of the negotiated grievance procedure, which allows for the appeal of the grievance in writing to the Chairman of the FCC. J.A. 10; *see also* J.A. 44 (discussing Step 3 of the negotiated grievance procedure).

On August 19, 2013, a Step 3 deciding official determined Ms. Klees-Wallace's December 6, 2012 sick leave was "not subject to the LCA's medical documentation requirement at [paragraph] 2(c) of that agreement; however, the records show that her supervisor advised her that approval of the requested leave was contingent on her submitting medical documentation, which she failed to do." J.A. 31. The deciding official also determined the "LCA at [paragraph] 2(d) required [Ms. Klees-Wallace] to comply with the eligibility and documentation requirements found in Articles 27–30 of the BNA. Under Article 28, Section 1(E) of the BNA, a supervisor may require documentation to substantiate sick leave requests." J.A. 31. Ms. Klees-Wallace's supervisor advised her in writing that medical documentation was required for final approval of her sick leave. Further, the deciding official determined Ms. Klees-Wallace's supervisor "consistently required medical documentation for *all* of [Ms. Klees-Wallace's] sick leave requests, and that initially she provided these documents when she requested leave to care for her daughter." J.A. 31 (footnote omitted). The deciding official sustained the removal based upon paragraph 2(d) of the LCA. J.A. 31; *see* J.A. 12.

The matter proceeded to arbitration, where the parties "agreed on one issue, that is, whether the LCA had been breached." J.A. 8. On November 10, 2014, the arbitrator issued an Opinion and Interim Award. The Arbitrator determined Ms. Klees-Wallace was "deprived of her right to show before the Agency decision maker that the provisions of [paragraph] 2(d) of the LCA were not violated by her conduct, a showing that may have caused the Agency to reach a different conclusion." J.A. 13. The Arbitrator remanded the matter to the FCC for further proceedings, retaining jurisdiction to hear any appeal of the remanded grievance proceeding. Dissatisfied that the Arbitrator had "giv[en] the [FCC] another chance to fire [her] for an entirely new reason," Pet'r's Br. 1, Ms. Klees-Wallace appealed the Arbitrator's Opinion and Interim Award to this court.

## DISCUSSION

On appeal, Ms. Klees-Wallace makes several arguments related to the merits of the Arbitrator's determination. *See generally id.* at 13–19. She disregards the *interim* nature of the Arbitrator's decision and contends that, because this decision "finally and completely resolved the issue of whether the [FCC] had properly removed [her] for the reason stated in the removal letter, the decision is final and jurisdiction properly lies with this [c]ourt." *Id.* at 6. We find this court does not have jurisdiction to review the Arbitrator's non-final determination.

### This Court Lacks Jurisdiction to Hear Mr. Klees-Wallace's Appeal from the Arbitrator's Interim Decision

This court has "inherent jurisdiction to determine the scope of our jurisdiction," which is "a pure question of law." *Haines v. Merit Sys. Prot. Bd.*, 44 F.3d 998, 999 (Fed. Cir. 1995) (citations omitted). "One constraint on this court's jurisdiction is the so-called final judgment rule, [which] ordinarily limits our jurisdiction to appeals from a decision or order that ends the litigation on the

merits and leaves nothing for the court to do but execute the judgment." *Weed v. Soc. Sec. Admin.*, 571 F.3d 1359, 1361 (Fed. Cir. 2009) (alteration in original) (internal quotation marks and citations omitted); *see also Cabot Corp. v. United States*, 788 F.2d 1539, 1542 (Fed. Cir. 1986) (discussing several interests underlying the final judgment rule).

"Congress made arbitral decisions subject to judicial review in the same manner and under the same conditions as if the matter had been decided by the [Merit Systems Protection] Board [("MSPB")] . . . ." *Cornelius v. Nutt*, 472 U.S. 648, 661 n.16 (1985) (internal quotation marks and citation omitted). "We have held that the final judgment rule applies to appeals from the [MSPB]." *Weed*, 571 F.3d at 1361. Under the final judgment rule, we may review only "a final order or final decision of the [MSPB]." *Haines*, 44 F.3d at 999 (internal quotation marks and citation omitted); *see* 28 U.S.C. § 1295(a)(9) (2012) ("The United States Court of Appeals for the Federal Circuit shall have exclusive jurisdiction . . . of an appeal from a final order or final decision of the [MSPB], pursuant to sections 7703(b)(1) and 7703(d) of title 5.").

We find the Arbitrator's Opinion and Interim Award was not a final order or decision. The Arbitrator did not reach the ultimate question of whether Ms. Klees-Wallace breached the LCA. *See* J.A. 17. Rather, the Arbitrator remanded the matter to the FCC to provide Ms. Klees-Wallace with an opportunity to prove "the provisions of [paragraph] 2(d) of the LCA were not violated by her conduct . . . ." J.A. 13. "[A]n order remanding a matter to an administrative agency for further findings and proceedings is not final." *Cabot Corp.*, 788 F.2d at 1542 (citations omitted).

## CONCLUSION

We conclude the Arbitrator's decision on appeal is not a "final order or final decision" for purposes of 28 U.S.C.

§ 1295(a)(9). Accordingly, this court lacks jurisdiction and Ms. Klees-Wallace's appeal is

**DISMISSED**