# United States Court of Appeals for the Federal Circuit

―――――――――――

**FEDERAL EDUCATION ASSOCIATION -
STATESIDE REGION, KAREN GRAVISS,**
*Petitioners*

**v.**

**DEPARTMENT OF DEFENSE, DOMESTIC
DEPENDENTS ELEMENTARY AND SECONDARY
SCHOOLS,**
*Respondent*

―――――――――――

2015-3173

―――――――――――

Petition for review of an arbitrator's decision in No. 14-1024-00182-7 by Steven G. Hoffmeyer.

―――――――――――

Decided: August 6, 2018

―――――――――――

DOROTHY LOUISE LEE, Dublin, OH, argued for petitioner Karen Graviss.

TARA K. HOGAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., CLAUDIA BURKE.

MATTHEW WHITMORE MILLEDGE, Office of General Counsel, American Federation of Government Employees, Washington, DC, for amicus curiae American Federation of Government Employees. Also represented by DAVID A. BORER, ANDRES MYLES GRAJALES.

KATHERINE MICHELLE SMITH, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for amicus curiae Merit Systems Protection Board.

───────────────

Before DYK, PLAGER, and REYNA, *Circuit Judges.*

Opinion for the court filed by *Circuit Judge* DYK.

Dissenting Opinion filed by *Circuit Judge* PLAGER.

DYK, *Circuit Judge.*

This panel initially held that the agency had violated petitioner's procedural due process rights in connection with her discharge from federal service. *See Fed. Educ. Ass'n—Stateside Region v. Dep't of Def.*, 841 F.3d 1362 (Fed. Cir. 2016). The en banc court granted review and vacated the panel opinion. 873 F.3d 903 (Fed. Cir. 2017) (en banc) (per curiam). This case returns to the panel after an order by the en banc court "to dissolve the en banc court . . . and refer[] [the case] to the original panel." Dkt. 133. We now hold that the petition for review was untimely and dismiss the petition.

I

Karen Graviss was removed by the agency from her position as a teacher working for the Department of Defense Domestic Dependent Elementary and Secondary Schools. Ms. Graviss sought review by an arbitrator, as allowed by the applicable collective bargaining agreement. The arbitrator sustained the removal in a decision dated April 20, 2015. *See* J.A. 2. It was mailed on the

following day. On June 23, 2015, more than 60 days after the arbitration award was mailed, Ms. Graviss petitioned for review of the arbitrator's decision. The government did not object to the timeliness of the petition.

This panel initially reversed the arbitrator's decision. Then the full court granted en banc review and vacated the panel decision. Shortly before the scheduled en banc oral argument, the court discovered that there was a question as to the timeliness of petitioner's petition for review to this court. En banc oral argument, held on March 8, 2018, was directed to the timeliness issue.[1] The court then ordered supplemental briefing "to address this court's jurisdiction under 5 U.S.C. § 7703(b)(1)." 884 F.3d 1349, 1349–50 (Fed. Cir. 2018) (en banc) (per curiam). After receiving supplemental briefing, the en banc court dissolved en banc status and "referred [the case] to the original panel" to consider this court's jurisdiction in the first instance.

II

Under § 7703(b)(1), "any petition for review shall be filed within 60 days after the [Merit Systems Protection] Board issues notice of the final order or decision of the Board." Instead of appealing an adverse personnel action to the Board, an employee who is a member of a collective-bargaining unit may choose to challenge the action through arbitration, as provided in the collective-bargaining agreement. 5 U.S.C. § 7121(e). When an employee pursues arbitration, the statute specifies that "judicial review shall apply to the award of an arbitrator in the same manner and under the same conditions as if the matter had been decided by the Board." *Id.* § 7121(f)

---

[1]    Before en banc oral arguments, Ms. Dorothy Lee withdrew as counsel for Federal Education Association—Stateside Region and now only represents Ms. Graviss.

(emphasis added); *accord* S. Rep. 95-969, at 111 (1978) ("In applying the provisions of [§ 7703] the word 'arbitrator' should be read in place of the words 'Merit Systems Protection Board.'"), *reprinted in* 1978 U.S.C.C.A.N. 2723, 2833; *see also Cornelius v. Nutt*, 472 U.S. 648, 661 n.16 (1985); *Klees-Wallace v. FCC*, 815 F.3d 805, 808 (Fed. Cir. 2016). Therefore, the statutory requirement that any petition for review must be filed within 60 days after the Board "issues notice" of a final decision applies with equal force to arbitration decisions. We have held that the time limit is jurisdictional. *Fedora v. Merit Sys. Prot. Bd.*, 848 F.3d 1013, 1014–16 (Fed. Cir.), *petition for rehearing en banc denied*, 868 F.3d 1336 (Fed. Cir. 2017) (en banc) (per curiam).

III

Here, the arbitrator's decision is dated April 20, 2015, and contains a written post mark of April 21, 2015. The decision was received by Ms. Graviss on April 27, 2015. Dkt. 1, at 2. Ms. Graviss's petition for review was received by this court on June 23, 2015. *Id.* at 1. Under the statutory scheme, Ms. Graviss's petition was timely filed if the start date for the limitations period for the time to appeal began on the date she received the decision, but her petition was not timely if the start date is the date of the decision or the date of the post mark.

The Board issues notice in one of two ways—either electronically or by first-class certified mail. If a party signs up for e-filing, the Board provides service of a decision by sending an email that notifies the party that a decision has been issued and provides a link to view and download the decision. MSPB Amicus Br. 8. Alternatively, if the party has not registered for e-filing, the Board serves the decision by mailing the decision to the address of record. *Id.* The date that the Board sends this notice—either by email or regular mail—is the date that the

Board issues notice, as we held in *Fedora*. 848 F.3d at 1016.

Ms. Graviss contends that the arbitrator did not "issue notice" until she received the arbitration award because the arbitration award was not available to her until it was received. Unlike electronically issued Board decisions that are made available on the same day that they are issued, in general, no mechanism exists for electronic issuance of arbitrator decisions. We reject Ms. Graviss's argument.

Congress amended § 7703(b)(1) in 2012 from requiring a petition to be filed within 60 days after the date "petitioner received notice" to within 60 days after "the Board issues notice." *See* 5 U.S.C. § 7703(b)(1) (1998); Whistleblower Protection Enhancement Act of 2012, Pub. L. No. 112-199, sec. 108(a), § 7703(b)(1), 126 Stat. 1465, 1469. By its plain terms, this amendment changed the 60-day clock to begin on the date the Board or other decisionmaker issues notice, not the date the petitioner receives notice or could receive notice of the decision.

The term "issues notice" suggests the date of issuance is the date the decisionmaker distributes notice of the decision whether or not the decision is received or could be received by electing to receive notice electronically on that date. *Black's Law Dictionary* defines the verb "issue" as "to send out or distribute officially." *Issue, Black's Law Dictionary* (10th ed. 2014). Moreover, *Webster's Dictionary* defines the verb "issue" as "to go out or come out or flow out." *Issue, Webster's Third International Dictionary* (2002). We conclude that the date on which the decisionmaker "issues notice" is the date on which it sends the parties the final decision, whether electronically, by regular mail, or by other means.

Here, the arbitrator issued notice on April 21, 2015—the date of the post mark. Because 60 days from this date

was a Saturday, the petition for review was due on Monday, June 22, 2015. Graviss's petition, received on June 23, 2015, was therefore untimely under § 7703(b)(1).

Ms. Graviss argues that her delay in filing is subject to equitable tolling. However, timeliness of the petition for review is a jurisdictional issue. *Fedora*, 848 F.3d at 1014–16; *Oja v. Dep't of the Army*, 405 F.3d 1349, 1360 (Fed. Cir. 2005); *Monzo v. Dep't of Transp.*, 735 F.2d 1335, 1336 (Fed. Cir. 1984).

The dissent urges that the Supreme Court's recent decision in *Hamer v. Neighborhood Housing Services of Chicago*, 138 S. Ct. 13 (2017), effectively overrules our earlier decision in *Fedora*, finding the 60-day time limit is jurisdictional. We disagree.

*Hamer* concerns an appeal from one Article III court to another, and found that the time limit was not jurisdictional because it was not in a statute. The Court stated, "If a time prescription governing the transfer of adjudicatory authority from one Article III court to another appears in a statute, the limitation is jurisdictional, . . . otherwise, the time specification fits within the claim-processing category." *Id.* at 20. This was followed by a footnote that stated in relevant part, "In cases not involving the timebound transfer of adjudicatory authority from one Article III court to another, we have additionally applied a clear-statement rule: 'A rule is jurisdictional '[i]f the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional.'" *Id.* at 20 n.9. (citations omitted).

The provision giving this court jurisdiction over decisions of the MSPB is titled "Jurisdiction of the United States Court of Appeals for the Federal Circuit" and states that "The United States Court of Appeals for the Federal Circuit shall have exclusive jurisdiction . . . (9) of an appeal from a final order or final decision of the Merit

Systems Protection Board, pursuant to sections 7703(b)(1) and 7703(d) of title 5." 28 U.S.C. § 1295. This constitutes a clear statement that our jurisdiction is dependent on the statutory time limit. This result is supported by *United States v. Kwai Fun Wong*, 135 S. Ct. 1625 (2015), which found a time-limit for appeal to a district court from an agency nonjurisdictional. In that case, the statutory provision granting jurisdiction made no reference to the statutory provision containing the time bar. The Supreme Court noted, "Nothing conditions the jurisdictional grant on the limitations period, or otherwise links those separate provisions." *Id.* at 1633; *see also Henderson v. Shinseki*, 562 U.S. 428, 439–40 (2011); *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 164–65 (2010); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 515 (2006); *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393–94 (1982). Here, the statutory provisions are explicitly "linked." The jurisdictional grant is expressly linked to the statutory section imposing the time bar.[2] The Court's decision in *Hamer* thus supports our earlier holding in *Fedora* that "this court lacks jurisdiction over petitions for review that fail to comply with the requirements of § 7703(b)(1)(A)." 848 F.3d at 1016.

---

[2] The dissent suggests that the Supreme Court's decision in *Kloeckner v. Solis*, 568 U.S. 41 (2012), contradicts the majority's position. *Kloeckner* is irrelevant. It did not involve § 7703(b)(1), or any other provision establishing a time limit for court of appeals review, or address whether any such time limit is jurisdictional. In *Kloeckner*, the court simply held that § 7703(b)(2), setting time limits for filing mixed cases in district court, did not create an exemption from district court jurisdiction for procedural issues by virtue of the reference to "judicially reviewable action." *Id.* at 53.

Accordingly, this petition for review is dismissed for lack of subject-matter jurisdiction.

**DISMISSED**

No costs.

# United States Court of Appeals
# for the Federal Circuit

———————————

**FEDERAL EDUCATION ASSOCIATION –
STATESIDE REGION, KAREN GRAVISS,**
*Petitioners*

**v.**

**DEPARTMENT OF DEFENSE, DOMESTIC
DEPENDENTS ELEMENTARY AND SECONDARY
SCHOOL,**
*Respondent*

———————————

2015-3173

———————————

Petition for review of an arbitrator's decision in No.
14-1024-00182-7 by Steven G. Hoffmeyer.

———————————

PLAGER, *Circuit Judge*, dissenting.

Because the result in this case is manifestly contrary
to current Supreme Court instructions for determining
when a statutory time bar is jurisdictional, I respectfully
dissent.

### *Introduction*

The parties have been waiting eight years to resolve
this case. After its convoluted history in this court, the
case is now resolved by dismissing the appeal for want of

appellate jurisdiction. In dismissing the appeal, the panel majority relies on an earlier case, *Fedora v. Merit Systems Protection Board*,[1] in which the panel majority held that the time to appeal in these types of cases was per se 'mandatory and jurisdictional.'

But as I explained in my dissent in *Fedora* (we were the same three-judge panel in that case as in this one), the statutory time requirement to appeal a case from an agency to an Article III court is not per se mandatory and jurisdictional—the rule is to the contrary. That previously there may have remained some lingering confusion about this perhaps is understandable. As my dissent in *Fedora* explained, the path the Supreme Court laid down on this issue has not been a straight one, but if carefully followed it pointed in the direction the Court was taking.

But even for the previously unpersuaded, the Supreme Court's 2017 ruling in *Hamer v. Neighborhood Housing Services of Chicago*,[2] decided after our *Fedora* case, should remove all doubt. The Court in its unanimous opinion in *Hamer* expressly states the rule, discussed below, that governs, and this court's decision today is in direct and obvious conflict with that rule.

The case in which the Court chose to clarify the issue and to declare its "clear and easy to apply" governing rule involved both a statutory background and a Rule of Federal Procedure. But the Court's statement of the governing rule leaves no doubt that it applies to statute-based time limits as well as to those that are court-based, i.e., found in the Federal Rules of Procedure.

We do not have the power to underrule the Supreme Court. A dismissal of this case, without a more thorough

---

[1]    848 F.3d 1013 (Fed. Cir. 2017).
[2]    138 S. Ct. 13 (2017).

consideration of the jurisdiction issue, and without a decision on the merits, is in my view both incorrect on the jurisdiction matter and a denial of due process to Ms. Graviss as well as to the Government.

Because the original opinion by the panel majority and my dissent were vacated by the full court when it took the case *en banc* (but regrettably then changed its mind), I restate for the record the background and the issue that brought the case to this court. Then I address the error in the panel majority's current opinion dismissing this case on jurisdictional grounds, the technical issue now before the court.

### *Background and Merits*

As noted, this case began over eight years ago. In June 2010, after proceedings before the agency's deciding official, Ms. Graviss was removed from her position in the Government's employ on the grounds of inappropriate physical contact with a special needs student—at a school with explicit rules on that subject, which she violated.

Subsequently Ms. Graviss' union filed a grievance challenging that removal. The grievance was denied, and the union invoked arbitration. In April 2015, following discovery, briefing, and a two-day hearing, the arbitrator rendered his decision upholding the Government's decision to remove Ms. Graviss from employment. On June 23, 2015, Ms. Graviss and the union petitioned this court for review of the arbitrator's decision.[3]

In June 2016, a three-judge panel of this court held a hearing on the case. On November 18, 2016, the court

---

[3]    Since the panel majority has dismissed this appeal, we need not address whether the union was a proper party on appeal to this court.

majority, over the dissent, issued its judgment reversing the arbitrator's decision. The Government thereafter timely petitioned for rehearing *en banc*. The full court, on October 13, 2017, granted the Government's petition for rehearing *en banc*, vacated the panel's prior opinions, and ordered supplemental briefing by the parties; amicus briefs were invited and received.

Oral argument before the *en banc* court was held on March 8, 2018. The issue presented was whether there had been improper command interference in the decision-making by the assigned agency official. It was expected that the underlying question to be discussed was whether, as the dissent argued, the original panel majority had applied a key Federal Circuit case, *Stone v. Federal Deposit Insurance Corp.*,[4] in an erroneous manner and thus reached a wrong result.

However, on March 6, 2018, two days before oral argument, the court directed the parties to be prepared to address the court's jurisdiction over the case. There appeared to be a question whether the petitioner, Ms. Graviss, had filed her petition for review of the arbitrator's decision in the time allowed by the governing statute, 5 U.S.C. § 7703(b)(1)(A). This was a new question raised *sua sponte* by the court, as neither party had raised it.

At the hearing on March 8, the parties vigorously debated the jurisdictional question. Because of some facts in the case and an ambiguity in a recent amendment to the governing statute, the issue proved to be rather complex. Following the hearing, the court, on March 13, 2018, ordered supplemental briefing on the jurisdictional question.

---

[4]     179 F.3d 1368 (Fed. Cir. 1999).

Nevertheless, before any decision had been reached on the jurisdictional question, much less the merits of the case, a proposal was made and approved by the full court to dissolve the *en banc* court and return the case to the original panel. That action was taken even though the logical result would be that the original panel majority would dismiss the case for lack of jurisdiction, following their own earlier decision in *Fedora*. And that is what has happened, except that a different explanation for that result has been offered, one that is still contrary to law.

From the decision of the panel majority I respectfully dissent. In my view the panel majority, with the apparent acquiescence of the full court, is acting in a way clearly contrary to the latest Supreme Court instruction on the jurisdiction of this court. That result also has precluded the court from addressing an important merits question properly before it.

Ms. Graviss challenged her dismissal on the ground that she had not timely learned of a communication regarding her conduct. The communication was between the immediate supervisor who brought the charges, the intermediate supervisor who acted as the deciding official, and a more remote supervisor who had opined about the case, all before the charges were brought. This court's precedent—primarily the *Stone* case—is less than clear on the proper rule to apply in such a situation. Government agencies, as well as employees, would have benefited from the clarification a decision on the merits would provide; it is a due process issue that bears importantly on the administration of government agencies.

Furthermore, if the time bar is not jurisdictional, this would seem to be an appropriate case for permitting the

petitioner to seek equitable tolling.[5]  The Government, by failing to take note of the time-for-filing problem in its briefing, would appear to have forfeited its right to challenge Ms. Graviss' petition as untimely.[6]  At a minimum, if the time bar is not jurisdictional, petitioner is entitled to make her best case for equitable tolling under the circumstances shown on this record, rather than be barred by the erroneous *nunc pro tunc* dismissal ordered by the panel majority.

### *The Jurisdiction Issue*

I turn now to the jurisdictional question and the supposed authority of *Fedora* which the panel majority cites as controlling.  As I wrote in dissent in *Fedora*, the majority in that case failed to properly analyze the Supreme Court's then-existing case law regarding statutory time bars and jurisdiction.  848 F.3d at 1017–26 (Plager, J., dissenting).  Subsequently, four non-panel judges of this court agreed that *Fedora* was wrongly decided, and dissented from the denial of a petition for *en banc* rehearing.[7]

---

[5]  Even when a statutory time bar is nonjurisdictional, a party who seeks to have the time bar equitably tolled ordinarily must independently establish its entitlement to that form of equitable relief.  *See, e.g.*, *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

[6]  The terms 'waiver' and 'forfeiture' are sometimes used interchangeably, but as the Court pointed out in *Hamer* they are not synonymous—the correct term here is 'forfeited.'  *See Hamer*, 138 S. Ct. at 17 n.1.

[7]  An eloquent dissent expressed the reasons for some of the dissenting votes, noting particularly that § 7703(b)(1)(A) is not jurisdictional and in an appropriate

Since *Fedora*, the dissenting view has been made even more authoritative by the Supreme Court's recent decision in *Hamer*. There the Court in a unanimous opinion stated:

> The rule of decision our precedent shapes is both clear and easy to apply: If a time prescription governing the transfer of adjudicatory authority from one Article III court to another appears in a statute, the limitation is jurisdictional; otherwise, the time specification fits within the claim-processing category.

138 S. Ct. at 20 (citations and footnote omitted).

In a lengthy footnote attached to this governing rule, the Supreme Court explained how to understand this "claim-processing" category:

> In cases not involving the timebound transfer of adjudicatory authority from one Article III court to another, we have additionally applied a clear-statement rule: "A rule is jurisdictional '[i]f the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional.'" . . . In determining whether Congress intended a particular provision to be jurisdictional, "[w]e consider 'context, including this Court's interpretations of similar provisions in many years past,' as probative of [Congress' intent]." . . . "[I]n applying th[e] clear statement rule, we have made plain that most [statutory] time bars are nonjurisdictional."

*Hamer*, 138 S. Ct. at 20 n.9 (citations omitted).

---

case permits equitable tolling. *See* 868 F.3d 1336, 1337–40.

In short, as the Court makes clear, its governing rule specifically addresses statutory time bars, and provides that most statutory time bars are not jurisdictional. The two exceptions are (1) a statute that deals with transfer of a cause from one Article III court to another Article III court, or (2) a statute regarding which Congress has expressly made clear an intention that the time bar be jurisdictional.

With regard to the first exception, Ms. Graviss' case does not involve the timebound transfer of adjudicatory authority from one Article III court to another. This case is an appeal from an agency (in this matter, the arbitrator at the request of the employee substitutes for the Merit Systems Protection Board (MSPB), and is treated the same under the law[8]), with an appeal to the Federal Circuit, an Article III court. This is a clear and easily understood matter of a nonjurisdictional claim-processing rule, which means that equitable tolling and forfeiture/waiver of the time bar are possible.

Contrary to their position in *Fedora*, the panel majority appears now to accept the correctness of the argument made by the dissent in *Fedora* and confirmed by the Supreme Court's *Hamer* decision, that time bars applicable to appeals from an agency to a court, such as is the case here, are generally treated as nonjurisdictional. But now, for the first time, the panel majority argues that the second exception—the 'clear statement' rule noted above—applies to the jurisdictional issue here. According to the panel majority Congress has provided a "clear" indication that the relevant statute, 5 U.S.C. § 7703(b)(1)(A), should be viewed as jurisdictional.

---

[8]    *See* 5 U.S.C. § 7121(e) and (f).

There can be no argument that the relevant statute in this case is § 7703(b)(1)(A). That provision contains two sentences:

[1] Except as provided in subparagraph (B) and paragraph (2) of this subsection [neither of which apply here], a petition to review a final order or final decision of the Board shall be filed in the United States Court of Appeals for the Federal Circuit.

[2] Notwithstanding any other provision of law, any petition for review shall be filed within 60 days after the Board issues notice of the final order or decision of the Board.

With regard to this statutory provision, the panel majority in its summary opinion offers nothing by way of legislative history or prior court rulings that might suggest that there exists a 'clear statement' by Congress that would justify excluding this statute from the Supreme Court's *Hamer* doctrine. Instead, the majority reaches for a different statute, in a different title of the U.S. Code, that says nothing directly on the subject. The majority's theory now is that 28 U.S.C. § 1295(a)(9) *alone* constitutes a 'clear statement' by Congress that § 7703(b)(1)(A) is per se 'mandatory and jurisdictional' because the former references the latter.

That theory is fatally flawed. The most obvious problem with the majority's position is that nothing in *Hamer* suggests that, when seeking a 'clear statement' about a governing statute, in our case § 7703(b)(1)(A), we are free to roam through the corpus of federal statutes looking for a provision, however related, on which we can piggy-back a theory, and then to find, simply in the existence of such a statute, a 'clear statement' about the first statute. There is thus a problem with even considering § 1295(a) directly relevant to the meaning of the second sentence in § 7703(b)(1)(A).

Looking more closely at 28 U.S.C. § 1295(a), it begins: "The United States Court of Appeals for the Federal Circuit shall have exclusive jurisdiction—" and subsection 9 states briefly: "of an appeal from a final order or final decision of the Merit Systems Protection Board, pursuant to sections 7703(b)(1) and 7703(d) of title 5."

Section 1295(a) contains 14 subsections (some of which have subdivisions) identifying the specific courts and agencies whose decisions are eligible to be reviewed by the Federal Circuit. Several of these jurisdiction-granting provisions contain the same "pursuant to" language found in subsection 9 relating to the MSPB; several do not have any such references. A few have different phrases, such as "governed by sections 1291, 1292, and 1294" and "made under section 337." One has a phrase "arising under, any Act of Congress relating to."

What is clear is that the purpose of § 1295(a) is to state *which* cases come to the Federal Circuit, not *when* they may come. Reading anything into this mélange of phrasing that might qualify as a 'clear statement' of congressional intent regarding the jurisdictional status of a filing deadline provided in a different statute, in any given circumstance in a case authorized to be heard under § 1295(a), without more, requires an especially creative act of judicial reading. Such a reading seems neither appropriate nor justified.

The importance of distinguishing between the jurisdiction-related language in the first sentence of § 7703(b)(1)(A) and the time-bar provision stated in the second sentence was highlighted in the Supreme Court's opinion in *Kloeckner v. Solis*.[9] That opinion examined a similar time bar issue in a case close to home—the time

---

[9]     568 U.S. 41 (2012).

bar was located in the next subsection in the same statute, § 7703(b)(2).

Section 7703(b)(2) constitutes an exception to the general rule of § 7703(b)(1)(A) under which appeals from the Merit Systems Protection Board are taken to this court. Section 7703(b)(2), which has the same two-sentence structure as the relevant provision in this case (§ 7703(b)(1)(A)), states:

> [1] Cases of discrimination subject to the provisions of section 7702 of this title shall be filed under section 717(c) of the Civil Rights Act of 1964 (42 U.S.C. 2000e–16(c)), section 15(c) of the Age Discrimination in Employment Act of 1967 (29 U.S.C. 633a(c)), and section 16(b) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. 216(b)), as applicable.

> [2] Notwithstanding any other provision of law, any such case filed under any such section must be filed within 30 days after the date the individual filing the case received notice of the judicially reviewable action under such section 7702.

The issue before the Supreme Court was whether, on the facts of the case, Ms. Kloeckner's appeal of her dismissal from the agency should go to the district court via the various sections referenced in § 7703(b)(2), or to the Federal Circuit under the general rule of (b)(1)(A). There was a split of authority on how to read the rather convoluted statutory sections involved, particularly in light of the often convoluted facts of these cases.

The Government's argument in favor of the Federal Circuit drew a distinction between cases decided on the merits and those decided on procedural grounds. To get there, the Government argued that the second sentence of § 7703(b)(2), the timing-for-filing sentence, had substantive meaning that could be used to determine jurisdiction.

The Supreme Court was unimpressed, and chose a more straightforward reading of the statute. Said the Court, the time bar in the second sentence of § 7703(b)(2) is "nothing more than a filing deadline" rather than "adding a requirement for a case to fall within the exception to Federal Circuit jurisdiction." 568 U.S. at 52. The Court simply read the separate sentences of § 7703(b)(2) separately, and did not import the time limitation of the second sentence into the jurisdictional exception expressed in the first sentence. In the Court's words:

> The first sentence defines *which* cases should be brought in district court, rather than in the Federal Circuit . . . . The second sentence then states *when* those cases should be brought: "any such case . . . must be filed within 30 days" of the date the employee "received notice of the judicially reviewable action." . . . What [the second sentence] does not do is to further define *which* timely-brought cases belong in district court instead of in the Federal Circuit. Describing those cases is the first sentence's role.

*Id.* at 53 (quoting 5 U.S.C. § 7703(b)(2)).

With this analysis in mind, it is important to recognize that both the statutory provision in *Kloeckner* and the statutory provision with which we are concerned in this case contain the same statutory structure: two separate sentences that perform separate roles. Even assuming we would agree that § 1295(a) has some bearing on this case, the cross-reference to § 7703(b)(1) in § 1295(a) is consistent with a reference to the first sentence of § 7703(b)(1)(A), the repetitive jurisdiction-granting sentence which repeats the purpose of § 1295(a). And, as the Court in *Kloeckner* observed, it leaves the time-defining second sentence as a separate time-limiting rule, one that squarely falls under the *Hamer* doctrine.

The panel majority's cross-reference argument fails under either view of § 1295(a)—either the provision does not apply at all; or if it does, it logically applies only to the first sentence regarding the jurisdictional grant, leaving the second sentence—the time-to-file statement—to be understood in light of *Hamer.*

Furthermore, whatever the relationships among these several statutes, one thing *is* clear. There is nothing in § 1295(a) or § 7703(b)(1)(A) that, either separately or collectively, qualifies as the 'clear statement' exception from the general rule that a statutory time bar is nonjurisdictional in the terms required by *Hamer.* Reading something into these statutory provisions to get that result requires finding a congressional intention that is nowhere expressed.

I sympathize with the court's distaste for all too often having to go *en banc* to correct our own panels. But for all the above reasons, I cannot support the court's disposition of this case. The panel majority has not undertaken a reexamination of the several important issues raised by this appeal, in part because to do so would require recognizing that *Fedora* is no longer good law. The *en banc* court is the only remedy, short of the Supreme Court.

Ultimately, jurisdiction works both ways. We are bound to dismiss any case over which we lack jurisdiction. However, we are equally bound to hear any case over which we have jurisdiction. As Chief Justice Marshall observed, "[i]t is most true that this Court will not take jurisdiction if it should not: but it is equally true, that it must take jurisdiction if it should. . . . We have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given." *Cohens v. Virginia,* 19 U.S. (6 Wheat.) 264, 404 (1821).

The question of our jurisdiction in this matter remains to be properly decided. By countenancing this

summary erroneous dismissal, I regret to say that we fail that responsibility.